RAY WELLS, an Infant, by THELMA WELLS, Next Friend, Appellant, v. ANN RABER and JOSEPH RABER.—No. 37982.—166 S. W. (2d) 1073.

Division Two, November 12, 1942.

Rehearing Denied, January 4, 1943.

*Victor Packman* and *Harold Kaminsky* for appellant.

588

*George A. Hodgman* and *Robert S. Lindsey* for respondents.

WESTHUES, C.—Plaintiff, Ray Wells, an infant, filed this suit by Thelma Wells his next friend, against respondents to recover $15,000.00 as damages for personal injuries alleged to have been sustained in a collision between plaintiff and defendants' car. A trial by jury resulted in a verdict for the defendants. From the judgment entered plaintiff appealed.

The collision occurred in a public alley located west of Jefferson avenue between Armand place and Shenandoah avenue in the City of St. Louis, Missouri. Plaintiff was eight years of age at the time, and he and other boys about the same age were playing a game called "Knights." The boys were divided into two teams. Each boy carried a stick and a basket or a lid of a refuse can which was used as a shield. If a boy's body was touched with a stick held by an opponent he was considered dead until the next game. Plaintiff was carrying a lid of a refuse can, and immediately before the collision was being chased by a boy of the opposite team. Plaintiff attempted to escape by running through a passageway which ran through a shed to the public alley in question. As he emerged from the opening into the alley the collision with the Raber car occurred. The defendant, Ann Raber, was driving her father's car delivering bakery products. The dispute in the evidence was as to the point of collision and the manner in which it occurred. Plaintiff's evidence tended to prove that he emerged from the opening into the alley and stopped at a point about three feet or so from the the building; that the Raber car struck him while he was thus standing still. Note the evidence of plaintiff's companion:

"As he ran out into the alleyway, he ran straight ahead. I don't think he looked to either side, as I observed. He was not turning as though to run to the north. He ran straight out. Just when he got about two feet out into the alley, he stopped. Right after he stopped I saw this car go past the entrance to the gangway. After Sonny had stopped—or Ray—the car struck him, then it went on by. I saw Ray come into contact with Miss Raber's car. The right side of the car came into contact with Ray's body. It was right behind the right front fender. It was right around in there. It wasn't behind it. Right behind the fender. The front part of Miss Raber's car didn't strike Ray. The front part of the door did. It was the side of the car. He was not struck with the bumper or the fenders, where they overhang the wheels."

Miss Raber testified that as she passed the opening of the passageway she heard a noise; that she turned and saw plaintiff emerge from the opening and about the same time heard a bump or thud; that she immediately stopped her car and she and plaintiff's mother took plaintiff to a hospital; that the point of impact was the right side of her car near the rear. It was admitted that defendant, Ann Raber, could not have seen plaintiff until he emerged from the passageway. Appellant has briefed only two points upon which he seeks a new trial. These concern instructions numbers five and seven given by the court on defendants' behalf. It will be necessary in considering appellant's points to briefly refer to the instructions given for plaintiff.

 Plaintiff submitted his case to the jury under the humanitarian doctrine. The instruction in substance informed the jury that if the defendant, Ann Raber, by using the highest degree of care could have and should have seen and known that plaintiff was in a position of imminent peril in time thereafter to have given a warning, slackened speed or stopped or turned her car, and thereby could have averted injuring plaintiff, and failed to do so, and in so failing she did not exercise the highest degree of care, then a verdict for plaintiff was authorized even though the jury believed plaintiff to have been guilty of contributory negligence. Another of plaintiff's instructions informed the jury in substance that if Ann Raber was at the time acting for Joseph Raber, and ". . . if you find that the said Ann Raber was guilty of negligence as set forth in other instructions herein, based on all the facts and circumstances in evidence, then in said event you may find a verdict for the plaintiff and against the said defendant, Joseph Raber."

Instruction number five of which plaintiff complains reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that on the occasion mentioned in evidence Ann Raber was operating an automobile northwardly through the alley described in evidence, without negligence on her part, and Ray Wells then

and there walked or ran into the said alley from a gangway through a shed or building which bordered on the east side of the alley, if you so find, and that the shed or building prevented Ann Raber from seeing Ray Wells until it was too late for Ann Raber to avoid his injury, then you will find your verdict in favor of the defendants.''

Appellant in his brief concerning this instruction says:

"It does not submit to the jury the specific facts which would show lack of negligence on the part of the defendant, Ann Raber.''

We cannot agree with appellant. The sharp issue in the case was whether plaintiff emerged from the passageway in time for Ann Raber to have seen him and by the exercise of the highest degree of care avoided the collision. It was admitted that Ann Raber could not have seen plaintiff while in the passageway. As we view the situation, instruction number five is in effect nothing more than the converse of plaintiff's principal instruction. Instruction number five did submit to the jury the question of whether the building prevented Ann Raber from seeing plaintiff until it was too late for her to avoid a collision. That instruction required the jury to find specific facts which if true would absolve Ann Raber from liability. In substance plaintiff's instruction merely submitted to the jury the question of whether plaintiff appeared in the alley in time for Ann Raber to have noticed him and avoided injuring him. The case of Shields v. Keller, 348 Mo. 326, 153 S. W. (2d) 60, 1. c. 62 (1-3), cited by appellant, can be distinguished on the facts. An instruction similar to instruction number five given herein was there discussed and it was held that the facts in evidence did not justify the instruction, because in that case a man walking toward the street between two cars could have been seen by the defendant before he emerged from between the cars. The opinion, however, referred to the case of Oliver v. Morgan, 73 S. W. (2d) 993, where such an instruction was approved and held proper because the facts in that case rendered the instruction applicable. In the Morgan case the question ▮▮▮▮ was considered at length and the instruction approved. That case is in point on the question now before us and will have to be overruled if instruction number five in the present case is to be disapproved. We think the reasoning in the Oliver case sound and the instruction proper. Instructions must be so worded as to apply to the evidence. An instruction may be proper under one state of facts and improper under another and different state of facts. This court in both the Oliver and Shields cases, supra, approved instructions as given in this case if supported by proper evidence.

▮▮ Appellant also urges that instruction number five was erroneous because it used the term ''negligence'' without defining that term. Suffice to say that plaintiff's instructions employed the terms ''negligence,'' ''contributory negligence'' and ''highest degree of care'' without defining them. The jury was just as apt to under-

stand the term "negligence" when used in the defendants' instructions as when used in plaintiff's instructions.

Instruction number seven, criticized by plaintiff, reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that Ann Raber was not guilty of any negligence contributing to the collision described in the evidence, as such negligence, if any, is defined in other instructions, then your verdict will be in favor of the defendants."

The case of Boland v. St. Louis-San Francisco R. Co., 284 S. W. 141, l. c. 145 (11), was cited as authority that such an instruction is improper. Boland, the plaintiff in that case, was a passenger in a car which was struck by a train. Instruction number four, which was condemned, informed the jury that if the collision was the result of the sole negligence of the driver of the car the plaintiff was not entitled to recover. All that was said of that instruction was the following:

"Of course the defendant is not liable if its alleged negligence had nothing whatever to do with bringing about plaintiff's injury. But the cryptic way in which this information was conveyed to the jury was calculated, not to enlighten, but to confuse."

The trial court had sustained a motion for a new trial. That order was affirmed by this court on other grounds and not because of the giving of instruction number four. We are not criticizing the ruling in the Boland case but merely point out the circumstances under which the ruling was made. We also desire to call attention to the fact that the instruction is not similar to instruction number seven given in this case. We are of the opinion that instruction number seven was justified as an answer to, or as a supplement to plaintiff's instruction, a portion of which we have heretofore quoted. Note that in plaintiff's instruction the jury was told that if Ann Raber was on a mission of Joseph Raber when the collision occurred, and ". . . if you find that said Ann Raber was guilty of negligence as set forth in other instructions herein, . . ." then the jury may find a verdict for plaintiff. Not a word in that instruction that the negligence of defendant, Ann Raber, must have caused or contributed to the injury. The jury was referred to other instructions to get that information. It certainly was not error for the trial court to give an instruction as number seven for the defendants, which required the jury to find that before they could return a verdict against the defendants they must find that the negligence of Ann Raber contributed to the collision which caused plaintiff's injury. Instruction number seven referred the jury to other instructions the same as did plaintiff's instruction. Appellant again argues that the instruction injected contributory negligence into the case, citing Borgstede v. Waldbauer, 337 Mo. 1205, 88 S. W. (2d) 373, l. c. 378 (14, 15), and similar cases. Instruction number seven made no

reference to plaintiff, plaintiff's negligence or negligence of a third person. It was confined solely to the negligence of Ann Raber the driver of the car and informed the jury that in order to find against the defendants it must find that Ann Raber's negligence, if any, must have contributed to the injury. We cannot see how a jury could have interpreted the instruction to mean or even to refer to any negligence on the part of plaintiff.

Appellant argues that this court will undoubtedly be impressed by the fact that the evidence was conflicting and close on the facts. From the record it seems to us that the weight of the evidence was clearly in favor of the defendants' theory. Plaintiff's playmate testified that the contact of plaintiff with the car was on the right side, back of the front fender. That evidence strongly corroborated the defendants' theory that plaintiff walked or ran into the side of the car.

We are of the opinion plaintiff had a fair trial and that the judgment must be and is hereby affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.