AMOS W. KIMBROUGH v. MORRIS CHERVITZ, Appellant.—No. 39200.—
186 S. W. (2d) 461.

Division Two, April 2, 1945.

*Wilbur C. Schwartz* and *Chelsea O. Inman* for appellant.

1156

*Mark D. Eagleton, Rene J. Lusser* and *Arthur J. J. Bohn* for respondent.

BOHLING, C.—Morris Chervitz prosecutes this appeal from a judgment awarding Amos W. Kimbrough $2,650 for personal injuries received by reason of being struck by Chervitz's automobile. The case is certified here by the St. Louis Court of Appeals (180 S. W. 2d 772, 778) and is for determination as upon ordinary appellate process (Mo. Const., Art. 6, Amend. 1884, Sec. 6). Complaint is made of the refusal of two instructions undertaking to state legal defenses to plaintiff's humanitarian case and the refusal to permit certain argument to the jury.

Plaintiff was injured in the city of St. Louis at the intersection of Grand and Easton avenues. Double streetcar tracks are on each avenue. The usual stopping point for eastbound streetcars on Easton at Grand is 35 to 40 feet west of Grand. Plaintiff alighted from an eastbound streetcar on Easton and was struck by defendant's automobile as he was proceeding north across Easton. Plaintiff intended to go south on Grand. When he alighted from the eastbound streetcar he noticed a southbound streetcar stopped north of Easton on Grand and started to take it. He testified he was proceeding at a walk and although he looked east and saw the westbound streetcar there was no automobile there when he crossed the north streetcar rail and that the automobile came at a rapid speed.

A westbound streetcar had stopped to take on passengers at the intersection on the east side of Grand. Defendant was operating his automobile west on Easton and had stopped east or back of the middle exit door of the westbound streetcar. The traffic light changed in favor of the east and west traffic and the westbound streetcar and defendant started west; defendant's automobile being then about 120 feet from the point of impact. The westbound streetcar motorman first saw plaintiff when his streetcar was not very far from plaintiff and plaintiff was in front of the eastbound streetcar. Plaintiff at that time started to run north across the track and passed over the westbound track about 5 or 6 feet in front of the westbound streetcar. Defendant testified that he was operating his automobile 4 or 5 feet north of the westbound streetcar; that he was gradually picking up speed; that when the westbound streetcar and he were about 35 feet west of Grand, his automobile was in second gear, moving about 10 miles an hour and 5 feet back of the front end of the streetcar, which would put defendant probably 10 feet back of the front of the streetcar. According to the motorman plaintiff ran north in front of and to avoid the westbound streetcar and into the path of the defendant's automobile. A streetcar passenger testified plaintiff "jumped across the streetcar track and the automobile hit him." Defendant testified he suddenly saw a man right in front of him; he immediately applied his brakes, but the man was hit. "When I first saw Kimbrough he was in front of the car, running; all of a sudden I see a man in front of the car. He must have taken a couple of steps." Plaintiff was about 6 or 7 feet in front of the automobile when the automobile was about 5 feet back or east of the front of the streetcar. The center of the bumper struck plaintiff. In the circumstances defendant could and did stop his automobile in 12 feet, running only about 4 or 5 feet after striking plaintiff. He testified plaintiff told ▮ him: ". . . he was sorry, he had to catch a street car."

Plaintiff's case was submitted on the theory that plaintiff was an ordinary pedestrian and was injured by defendant's automobile while attempting to cross Easton from the south to the north "at or near" the west side of its intersection with Grand, and that defendant was actionably negligent under the humanitarian doctrine, in the conjunctive, in failing to slacken the speed of his automobile and in failing to swerve his automobile and thus avoid striking and injuring plaintiff; i. e., among other things and insofar as here involved: ". . . that prior to the aforesaid collision the plaintiff then and there became and was in a position of imminent peril of being struck . . . and injured by said automobile . . .; and . . . that the defendant . . . saw, or by the exercise of the highest degree of care on his part could have seen, the plaintiff in the aforesaid position of imminent peril, if any, . . . in time thereafter for·said defendant . . ." et cetera, to have avoided injuring plaintiff.

■ Defendant claims his instruction F was improperly refused. It read:

"The Court instructs the jury that if you find and believe from the evidence that at the time and place mentioned in the evidence the defendant was driving his automobile westwardly on Easton avenue, and that he was at all the time mentioned in the evidence exercising the highest degree of care, and if you further find that while said automobile was being so operated, if so, the plaintiff attempted to run across Easton avenue and ran closely in front of a moving westbound streetcar toward the path of defendant's automobile, and if you further find that said moving westbound streetcar obstructed defendant's view of plaintiff so that defendant did not see, and by the exercise of the highest degree of care could not have seen, plaintiff in a position of imminent peril of being struck by defendant's automobile in time for the defendant thereafter, by the exercise of the highest degree of care, to have slackened the speed of said automobile or swerved the same, so as to have prevented the injury to plaintiff, if any, then plaintiff is not entitled to recover and you will find your verdict in favor of the defendant."

We think instruction F proper enough in the circumstances of this case under the evidence favorable to defendant. At least it is not justly subject to the objections lodged against it and no sufficient legal objection occurs to us to reject it.

Plaintiff says instruction F was a converse instruction and was not justified by any evidence in the case. The pivotal evidence was oral. If a true converse instruction, it did not need testimony to sustain it; because, absent a judicial admission by a litigant having the negative that the testimony in favor of the litigant having the affirmative and the burden was true, the credibility of the witnesses giving oral testimony establishing the affirmative remains for the jury. The truth of plaintiff's factual case was the sharply questioned and controverted jury issue. Plaintiff's argument based upon plaintiff's evidence that the streetcar stopped at a point where defendant could have seen plaintiff in imminent peril is ineffective. There was other evidence that defendant did not want to pass the streetcar before it reached the middle of the block; that at the time of the accident he was back of the front of the streetcar, and that the streetcar and automobile stopped about the same instant. The propriety of defendant's instruction is ruled by the probative evidence favorable to defendant, not to plaintiff.

Plaintiff also says this instruction was not an exact converse of his main instruction (being, perhaps well enough described as, in the nature of a specific factual converse instruction) and that when defendant injected an additional fact issue, such issue had to be supported by probative evidence. The objection goes to the portion of the instruction reading "and if you further find that said moving

westbound streetcar obstructed defendant's view of plaintiff so that defendant did not see, and by the exercise of the highest degree of care could not have seen, plaintiff in a position of imminent peril of being struck by defendant's automobile" in time et cetera. Plaintiff's argument, stated in the form of a conclusion, is, as we understand it, that under all the evidence defendant could have discovered plaintiff's imminent peril in time to avoid the accident. The argument ignores defendant's evidence. Furthermore, plaintiff himself judicially admitted the presence of a westbound streetcar and plaintiff's exhibit B sufficiently established that the streetcar would obstruct to some extent the view to the south of a motorist when driving 4 to 5 feet to the north and 5 feet back of the front of the streetcar. Thus plaintiff's evidence corroborates defendant's affirmative testimony that his view was obstructed. The point is without merit.

The instruction did not restrict the danger zone under the established facts favorable to defendant. The humanitarian doctrine does not operate until the injured is in imminent peril. Obliviousness merely extends the imminent peril zone. Plaintiff was not in imminent peril while defendant's automobile was east of Grand avenue or while it was proceeding across Grand avenue. A defendant is not negligent under the humanitarian doctrine so long as a plaintiff is only "approaching" a position of imminent peril. Buehler v. Festus Merc. Co., 343 Mo. 139, 158[8], 119 S. W. 2d 961, 970[11, 12]; Hilton v. Terminal Rd. Ass'n, 345 Mo. 987, 993[4, 5], 137 S. W. 2d 520, 522[4, 5]; Poague v. Kurn, 346 Mo. 153, 164, 165, 140 S. W. 2d 13, 19[9]. Under defendant's evidence, he stopped in 12 feet. A pedestrian can stop in a few feet to avoid injury. The discoverable peril zone of the instant case was limited. We think it a fair inference from defendant's testimony that he saw plaintiff in front of the streetcar, running, and that plaintiff took a couple of steps before the automobile struck him; because if plaintiff took a couple of steps, running, after being in front of the automobile, he should have cleared the automobile. Even if defendant failed to see plaintiff until plaintiff was in front of the automobile, the instruction, which is the subject matter of this issue, extended defendant's duty beyond such limits. The instruction submitted "discovered" peril ("did not see") and it also submitted "discoverable" peril ("could not have seen") in the exercise of the highest degree of care. The instruction, quoted verbatim et literatim, speaks for itself. It neither restricted defendant's duty to his discovery of plaintiff nor to plaintiff's entry upon the path of defendant's automobile. It embraced defendant's duty to look and to timely discover plaintiff in imminent peril as well as defendant's duty after he should have discovered plaintiff in imminent peril. The constitutive factual issue was whether the streetcar obstructed defendant's view to an extent which prevented defendant making discovery of plaintiff's imminent peril under the humani-

tarian doctrine in time for defendant to have saved plaintiff. This was submitted by the instruction to the jury. If the jury found that the streetcar did not obstruct defendant's view or, obstructing it, did not obstruct it to that extent, the instruction would have no application to the facts of the case. We need not decide whether it might have been worded differently in this respect without impinging upon defendant's legal rights.

The case is readily distinguishable from Shields v. Keller, 348 Mo. 326, 332, 153 S. W. 2d 60, 62, stressed by plaintiff, on the facts involved in a humanitarian case based on discoverable peril in that Shields, under Keller's testimony, could have been discovered over the hood of the parked automobile as he approached at a walk and that Keller's line of vision broadened as Keller approached the point of impact; whereas in the instant case the moving streetcar would prevent defendant seeing plaintiff within the limits of the humanitarian doctrine until plaintiff suddenly emerged (jumping or running across the north streetcar track) from in front of the streetcar and instantaneously into the path of defendant's oncoming automobile. It is to be remembered that the streetcar moved with defendant's automobile, caused defendant's line of vision with respect to plaintiff's position to narrow or contract rather than expand or broaden and prevented defendant discovering plaintiff within the humanitarian doctrine until plaintiff suddenly emerged (jumping or running) from in front of the streetcar and thence instantaneously into the path of defendant's automobile under the testimony favorable to defendant.

A similar instruction was approved in Johnson v. Dawidoff, 352 Mo. 343, 177 S. W. 2d 467, 469[2], a case on the facts much like Shields v. Keller, supra, and less favorable to a defendant than the facts of the instant case. Although a mature man is here involved, the facts favorable to defendant bring the instant case within the holdings of Oliver v. Morgan (Mo.), 72 S. W. 2d 993, 994, 995[5]; Johnston v. Ramming, 340 Mo. 311, 315, 100 S. W. 2d 466-469[3]; Wells v. Raber, 350 Mo. 586, 590[1], 166 S. W. 2d 1073, 1075[1]. We hold the instruction good enough.

 Defendant complains of the refusal of instruction E. It read: "The Court instructs the jury that if you find and believe from the evidence that at the time and place mentioned in the evidence the plaintiff ran across Easton avenue closely in front of a moving westbound streetcar, and that he emerged from the front of said moving streetcar and ran into the path of defendant's automobile, at a time when the defendant's automobile was approaching and was so near to plaintiff and traveling at such a rate of speed that plaintiff, in the exercise of ordinary care, knew or should have known that a collision was likely to result, and if you further find that in so doing, if you so find, plaintiff was negligent, and that such negligence, if any, was the sole cause of the collision mentioned in the

1162

evidence and of plaintiff's injuries, and that said collision and plaintiff's injuries were not caused by or due to any negligence of the defendant in any of the particulars submitted to you in other instructions herein, then plaintiff is not entitled to recover and you will find your verdict in favor of the defendant.''

Instruction E was a combination of a sole cause instruction and a converse (not negligent) instruction. Had it been given and was up for review on a defendant's verdict it should be approved so long as liability for a tort founded on negligence is not to be imposed upon one who has not been negligent (a rule as old as the law of negligence), unless a more liberal standard of justice is to be administered in the consideration of a plaintiff's verdict directing instruction than in the consideration of a defendant's verdict directing instruction; because: The instruction was in the conjunctive throughout and conditioned a defendant's verdict upon a finding, among others, that defendant was not negligent; i. e., plaintiff's injuries ''were not caused by or due to any negligence of defendant in any of the particulars submitted to you in other instructions herein . . .'' We permit a plaintiff to hold a verdict under a verdict directing factual instruction submitting several charges of negligence in the conjunctive when the evidence establishes some but fails to establish all of the submitted grounds of recovery against defendant (technically incorrect but tolerated) on the reasoning plaintiff assumed an unnecessary burden with respect to submitted grounds devoid of proof and defendant was not prejudiced. Consult cases cited arguendo in Lindquist v. Kansas City Pub. Serv. Co., 350 Mo. 905, 909, 169 S. W. 2d 366, 368. See also observation of Cave, J., in Adams v. Thompson (Mo. App.), 178 S. W. 2d 779, 784[11, 12]. The refusal of the instruction, however, calls for a ruling upon its propriety as a whole in submitting legal defenses to plaintiff's cause of action. Our previous discussion demonstrates a defendant's actionable negligence, absent a judicial admission, is a jury question and defendant is entitled to the converse of a plaintiff's main instruction or instructions.

The remainder of instruction E submitted what has been termed a ''sole cause'' defense. In the instant case the defendant adduced testimony negativing plaintiff's case and went further and affirmatively established, if believed, the cause of plaintiff's injuries to be negligence on the part of some person other than defendant, towit, on the part of plaintiff alone. We have said time and again that a plaintiff in a tort action is privileged to submit all legal grounds of recovery within his pleadings and the evidence and that a defendant is privileged to submit all defenses to plaintiff's grounds of recovery within his pleadings and the evidence. Parker v. St. Louis-S. F. Ry. Co. (Mo.), 41 S. W. 2d 386, 388[5]; State ex rel. v. McKay, 325 Mo. 1075, 1096, 30 S. W. 2d 92[12]. Accordingly, defendants are entitled to converse instructions and in proper circumstances to a sole cause instruction,

an instruction submitting that some person other than defendant was the only person causing the injury. Borgstede v. Waldbauer (Banc), 337 Mo. 1205, 1214[5], 88 S. W. 2d 373, 377[12, 13]; Johnson v. Dawidoff, 352 Mo. 343, 177 S. W. 2d 467, 470[4-7]; Doherty v. St. Louis Butter Co., 339 Mo. 996, 1005[4], 98 S. W. 2d 742, 745, 746 [4-6]; Branson v. Abernathy Furniture Co., 344 Mo. 1171, 1181[3], 130 S. W. 2d 562, 568[8, 9]; Gower v. Trumbo (Mo.), 181 S. W. 2d 653, 655[5-7]. The defense of sole cause may be shown under a general denial. Long v. Mild, 347 Mo. 1002, 1008[2], 1010[6], 149 S. W. 2d 853, 857[3], 858[11]. If defendant is entitled, as we have held, to submit all of his defenses, whether negative or affirmative in nature, defeating plaintiff's submitted grounds for recovery, then a proper instruction submitting one of his defenses should not be required to embody, in addition, in the conjunctive another of his defenses for to so require eliminates a valid defense or defenses. In fact, the holding in Causey v. Wittig (Banc), 321 Mo. 358, 366(II), 11 S. W. 2d 11, 14[2-5], that an instruction, converse in nature, submitting factual issues necessarily negativing plaintiff's humanitarian case should be conditioned, in addition, upon a sole cause finding was explicitly overruled in Borgstede v. Waldbauer (Banc), supra. See also the Doherty and Branson cases, supra. The issue of causation is distinct from the issue of negligence. Every result has a cause or causes, but not necessarily a negligent cause; and negligence may be present without constituting one of the legal causes. Accidents happen. Logically, it follows that a correct converse instruction need not necessarily include affirmative defensive facts and that an affirmative defensive factual instruction need not necessarily include a converse defense. Yet, it is approved practice for an instruction submitting affirmative defensive facts to a plaintiff's humanitarian case to require a finding that the negligence submitted constituted the sole or only cause of plaintiff's injuries and that defendant was not negligent in any of the particulars submitted in the other instructions. This is out of an abundance of caution. in explicitly advising the jury to the end that they not defeat a recovery on account of plaintiff's mere contributory negligence. No one questions the right of defendant to submit pleaded and established contributory negligence to defeat a recovery based on defendant's primary negligence. By greater right a defendant should be privileged to submit, in addition to the negative of plaintiff's affirmative case, the negligence of some person or persons other than defendant, including plaintiff, as the only cause of plaintiff's injuries when established by substantial evidence that there be no liability in the absence of negligence in an action against him founded upon his negligence.

Instruction E required defendant to exercise due care in maintaining a lookout for persons because it required the jury to find that defendant was not negligent in any of the particulars submitted in

other instructions and plaintiff's instruction authorized a finding for plaintiff if defendant saw or "by the exercise of the highest degree of care on his part could have seen" plaintiff in imminent peril—the full scope of the applicable humanitarian discoverable peril doctrine. We read plaintiff's brief to concede that the instruction sufficiently hypothesized the absence of defendant's negligence as to discoverable peril by this reference to plaintiff's instructions. We mention the issue here because we understand the majority opinion of the court of appeals to rule otherwise.

There are two sufficient reasons why instruction E precluded a defendant's verdict if plaintiff was only contributorily negligent and defendant was negligent under the humanitarian doctrine, plaintiff's contention to the contrary notwithstanding. The instruction required the jury to find that the specified acts of plaintiff constituted negligence and that such negligence was the sole cause of plaintiff's injuries. Court en banc in State ex rel. v. Shain, 345 Mo. 950, 956, 137 S. W. 2d 527, 530, observed: "Of course, if the jury found that the injuries were the *direct result* of defendant's negligence, they couldn't find that they were due to the sole negligence of plaintiff." The converse is of equal logic: If a jury finds plaintiff's negligence the sole cause of plaintiff's injuries, they may not find that defendant was guilty of any negligence contributing to plaintiff's injuries. " 'Contributory negligence passes out of the case when it is submitted solely under the humanitarian doctrine. . . . However, the question of whether the negligence of the injured party, where it is made an issue in the case, was the sole cause of the injury remains in the case.' " Doherty v. St. Louis Butter Co., supra, quoting Borgstede v. Waldbauer (Banc), supra. The failure to hypothesize facts, not the word "sole," caused the instruction in Boland v. St. Louis-S. F. Ry. Co. (Mo.), 284 S. W. 141, 145[11], to be considered cryptic; that is, the instruction allowed the jury to determine without legal guidance what facts constituted "sole negligence" on the part of the driver, thus constituting them the judges of the law of sole negligence under the facts as well as the triers of the fact, a roving commission. Next: The instruction conditioned a defendant's verdict upon the further finding that plaintiff's injuries "were not caused by or due to any negligence of defendant in any of the particulars submitted to you in other instructions herein." Consult approved instruction in Wells v. Raber, 350 Mo. 586, 592[3], 166 S. W. 2d 1073, 1076[5]. If so, defendant was not liable whether or not plaintiff's act (negligent or not negligent) was the "sole" cause of plaintiff's injuries, notwithstanding defendant's instruction conditioned a defendant's verdict upon plaintiff's act being the negligent and sole cause. So, under the instruction a jury could not find for the defendant if they believed defendant was negligent, whether they considered plaintiff negligent or not negligent.

■ The instruction conditioned a defendant's verdict upon findings, among others, that plaintiff ran from in front of the streetcar and into the path of defendant's automobile when the automobile was so near and traveling at such speed that plaintiff, in the exercise of due care, should have known a collision was likely to result and a finding that in so doing "plaintiff was negligent" and then required an additional finding that such negligence was the sole cause of plaintiff's injury. This portion of the instruction hypothesized the affirmative facts adduced in evidence upon which defendant relied to make the defense of "sole negligence." There is no reason in this case why a jury should not determine whether the hypothesized acts constituted the sole negligence. They can determine sole negligence as readily as they can determine defendant's negligence or plaintiff's contributory negligence. The sole cause portion of the instruction might well be subject to criticism if the facts relied upon as constituting sole negligence had been omitted. This is no intimation that a jury of laymen are incapable of determining whether a given cause is the sole cause. Semar v. Kelly, 352 Mo. 157, 176 S. W. 2d 289, 291[3], points out: "There is no magic in the word 'sole' nor in the phrase 'sole cause' . . ." It might often be easier to determine that a given cause constituted the sole cause than to determine that each of several causes constituted a contributing proximate cause. The fact that a litigant may have assumed an unnecessary burden in a requested instruction is not a legal ground for its refusal when such unnecessary factual burden stands established by his evidence.

■ Plaintiff claims that instruction E failed to hypothesize sufficient essential facts to justify a finding of sole cause negligence against plaintiff. He points out that the instruction did not require a finding that plaintiff "suddenly" emerged from in front of the streetcar or that plaintiff ran "directly" into the path of defendant's automobile. He contends "that in a case of this type 'suddenly ran' and 'directly into the path of' are essential and requisite facts which must be found to establish sole cause negligence of plaintiff and absence of negligence of the defendant." We think the instruction sufficient in this respect under the instant facts. Equivalent thoughts may be expressed by different words and instructions submitting factual issues are not to be straitjacketed into stereotype language. The instruction required a finding that plaintiff was negligent in running into the path of the automobile at a time when it was so near and traveling so fast that a collision would likely result if he did so; and also that such negligence was the only cause of his injuries. If the jury believed plaintiff's appearance permitted of defendant avoiding the injury under the humanitarian rule the instruction was not applicable and stated no defense to such determined facts for defendant would have been negligent under plaintiff's main instruction and plaintiff's negligence could not have been the sole cause of his injuries. The instruction submitted facts favorable to

defendant. Further protection was afforded plaintiff by the additional requirement of a finding that his injuries were not due to any submitted negligence of defendant for an absence of negligence on the part of defendant legally would preclude a plaintiff's verdict.

We have examined defendant's contentions with respect to objections sustained to counsel's arguments. The matter is sufficiently developed in the opinion of the court of appeals (180 S. W. 2d l. c. 778 [10, 11]), and need not be repeated here. We are not prepared to say that under the facts of record pertaining to the argument that defendant has established reversible error. Defendant's brief, as we read it, is not restricted to the precise issue ruled by the trial court; and for this reason, among possibly others, is considered not to establish reversible error.

The judgment is reversed and the cause is remanded on account of the failure to give the requested instructions. *Westhues, C.*, concurs; *Barrett, C.*, concurs in result.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.