**Cecelia LIEBOW, Appellant,**

v.

**JONES STORE COMPANY, a corporation, and DeWitt Williams, Respondents.**

No. 45748.

Supreme Court of Missouri, Division No. 2.

July 8, 1957.

Emmett A. Scanlan, Jr., Ben W. Swofford, Robert A. Schroeder, and John C. Milholland, Kansas City, Swofford, Schroeder & Shankland, Kansas City, of counsel, for appellant.

A. Warren Francis and Lloyd A. Hamrick, Kansas City, for respondents.

STOCKARD, Commissioner.

In this suit for $12,000 for personal injuries brought by plaintiff, Cecelia Liebow, against Jones Store Company and DeWitt Williams, the trial court directed a verdict for Williams, and, after a jury verdict in favor of Jones Store Company, entered judgment in favor of both defendants. Plaintiff appealed, but in her brief she states that she does not prosecute her appeal from the judgment entered in favor of Williams. The parties will be designated as in the trial court, and the term "defendant" shall refer only to Jones Store Company.

Plaintiff relied on the res ipsa loquitur doctrine and alleged that while she was a passenger on an escalator located in defendant's store, "the steps of said escalator were caused and permitted to suddenly and violently stop causing the plaintiff to be thrown down." She testified that without any warning to her, the escalator "stopped with a real sudden grinding and jerking motion;" that she heard some noise when the escalator started jerking; and that the escalator was still moving forward as she was falling but she did not know how far it moved after it jerked. In her verdict-directing instruction she submitted that "said escalator jerked and stopped suddenly, unusually and without warning to plaintiff, and in a violent and unusual manner," and that as a direct and proximate

result thereof she was "pitched forward" onto the metal steps of the escalator.

Plaintiff first contends that the trial court should have sustained her motion for a directed verdict on the issue of liability because defendant did not rebut her prima facie case. However, the failure on the part of the defendant in a res ipsa loquitur case to rebut plaintiff's prima facie case does not compel an inference of negligence. Under such circumstances the issue is for the jury who may not believe the evidence produced by the plaintiff. Charlton v. Lovelace, 351 Mo. 364, 173 S.W.2d 13; Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001; Grindstaff v. J. Goldberg & Sons Structural Steel Co., 328 Mo. 72, 40 S.W.2d 702; Sykes v. Stix, Baer & Fuller Co., Mo.App., 238 S.W.2d 918; Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, Ann.Cas.1914D, 905. If defendant put on no evidence at all, or if defendant's evidence did not tend to rebut the plaintiff's prima facie case, plaintiff would not be entitled to a directed verdict on the issue of liability.

Plaintiff also contends that she was entitled to a directed verdict on the issue of liability because not only did the defendant not rebut her prima facie case, but its evidence "joined with plaintiff's evidence in showing the basic facts to support a verdict for plaintiff," and in the absence of any evidence to the contrary, "then as a matter of law the preponderance is with the plaintiff." Accepting as true plaintiff's contention that facts which would support a verdict in her favor were established by defendant's evidence, those facts only warrant an inference of negligence; they do not compel it. Whether or not negligence on the part of defendant should be inferred from the facts so established is for the determination of the jury and not the trial judge. Conser v. Atchison, T. & S. F. Ry. Co., Mo.Sup., 266 S.W.2d 587, 590. Plaintiff was not entitled to a directed verdict on the issue of liability.

Plaintiff contends the trial court erred in giving instruction 7 at the request of the defendant, which was as follows: "You are instructed that the burden of proof is on the plaintiff to show by the greater weight of the credible evidence that the escalator on which the plaintiff was riding was caused to be suddenly, unexpectedly and violently jerked with such unusual force and violence that the plaintiff was caused to fall. And the Court instructs you that if you find from all the evidence that the escalator jerked and the plaintiff was caused to fall but that the force of the jerk was not unusual in the operation of escalators, you shall find for the defendant."

Plaintiff challenges the second sentence of the instruction on the basis that there is no testimony to support the necessary finding that in the operation of escalators it is usual for them to jerk. Defendant contends that this is a converse instruction, and that it has been approved in Conser v. Atchison, T. & S. F. Ry. Co., Mo.Sup., 266 S.W.2d 587.

There is no set form for what is referred to as a converse instruction. The defendant can submit either the exact converse of plaintiff's verdict-directing instruction, Janssens v. Thompson, 360 Mo. 351, 228 S.W.2d 743, or the exact converse of any essential element of such instruction. Reger v. Nowotny, Mo.Sup., 226 S.W.2d 596; McCarty v. Milgram Food Stores, Inc., Mo.Sup., 252 S.W.2d 343; Oshins v. St. Louis Public Service Co., Mo.Sup., 254 S.W.2d 630. When either is done the result is what is referred to as a "true converse instruction," and such an instruction does not require affirmative testimony in support of it. Kimbrough v. Chervitz, 353 Mo. 1154, 186 S.W.2d 461, 464. However, the defendant may also submit facts in an instruction, the existence of which would disprove, that is controvert, one or more of the essential factual elements of plaintiff's case. See Rose v. St. Louis Public Service Co., Mo.Sup., 205 S.W.2d 559. This form

of an instruction also is sometimes referred to as a converse instruction. But when the defendant submits this form, whether or not it is referred to as a converse instruction, it must have factual support in the testimony. Rose v. St. Louis Public Service Co., supra; Dill v. Dallas County Farmers' Exchange No. 177, Mo.Sup., 267 S.W.2d 677, 680. Plaintiff's verdict-directing instruction in this case required a finding that the escalator jerked suddenly, unusually and in a violent and unusual manner. This does not carry with it the admission that in the normal operation of the escalator it was usual for it to jerk with sufficient force to cause a person riding thereon to fall. The second sentence of instruction 7 advised the jury in effect that if it found that the jerk of the escalator which caused plaintiff to fall was a usual occurrence (the instruction said "not unusual") in the operation of escalators, it should find for defendant. Therefore, instead of being a "true converse instruction," this instruction submitted a finding (that the jerk which caused plaintiff to fall was usual in the operation of escalators) which if true would controvert, or disprove, one of the essential factual elements of plaintiff's submission (that the escalator jerked unusually). A true converse instruction would have been that the escalator did not jerk unusually, but by instruction 7 the defendant asked the jury to find that the escalator did not jerk unusually because the jerk it made was usual in the operation of escalators. Therefore, in order for the jury to reach the result desired by defendant, and as submitted in defendant's instruction, it had to make the affirmative finding that in the operation of escalators it is usual for them to jerk with sufficient force to cause a person riding thereon to fall down. But there is no evidence whatever in the record upon which the jury could base a finding that a jerk of sufficient force to cause plaintiff to fall is a usual occurrence in the operation of an escalator. Defendant has in effect submitted that the escalator did not do what plaintiff submitted it did because it did

something else, and when that kind of a submission is made that "something else" must have factual support in the testimony.

Defendant has taken instruction 7, making only such changes in it as necessary to refer to escalators instead of freight trains, from Conser v. Atchison, T. & S. F. Ry. Co., Mo.Sup., 266 S.W.2d 587, 593. In that res ipsa loquitur case, the plaintiff, a railroad employee, submitted that the "jerk of said caboose [in which he was riding] was unusual and extraordinary." The defendant offered evidence to show that in the usual operation of freight trains there is necessarily a jerking of the cars and of the caboose, and that trainmen expect it and learn how to brace themselves against it at all times. The defendant's instruction directed a verdict for it if the jury found the "way car [caboose] jerked and the plaintiff was caused to strike the stanchion but that the force of the jerk was not unusual and extraordinary in the operation of freight trains." The important difference between the two cases is that in the Conser case there was evidence to support the finding of fact submitted in defendant's instruction which if true would necessarily controvert an essential element of plaintiff's submission.

This situation points out forcibly the danger of using an instruction on the basis that it has been approved in another case without determining that the factual situation is present which authorized the use of the instruction in the other case. We must necessarily conclude that instruction 7 was erroneous because it improperly assumed that in the usual operation of escalators there can be jerks of sufficient force to cause a person to fall, and because there is no factual support in the testimony that in the operation of escalators it is usual for them to jerk at all.

 Plaintiff also asserts that the trial court erred in refusing to strike certain hearsay testimony and in admitting improper testimony over her objection. We consider these contentions because it is

likely that they will again occur in a new trial.

During plaintiff's testimony on cross-examination she was asked, without objection, if after the accident she told Mrs. White, an employee of defendant, "that some child stopped the escalator," and she replied that she did not. On direct examination Mrs. White testified that "She [plaintiff] said someone had stopped the escalator while she was coming up." Shortly thereafter the following occurred: "Q. Did she say anything about how the escalator was stopped at all? A. She [plaintiff] told me someone told her a child stopped it while she was in the act of coming up the escalator." Mr. Milholland [plaintiff's counsel]: "Objected to as hearsay and move the answer be stricken. Not binding on the plaintiff. The Court: The objection will be overruled."

Defendant contends that the testimony of Mrs. White was admissible to impeach that testimony of plaintiff given on cross-examination that she did not tell Mrs. White that a child stopped the escalator. It is of course always proper to impeach a witness by proof of prior admissions inconsistent with present testimony, but this prior statement of plaintiff testified to by Mrs. White was not inconsistent with plaintiff's testimony.

Defendant also contends that the statement of Mrs. White was admissible as evidence of an admission against interest on the part of plaintiff, in that plaintiff had made a statement which tended to show that someone other than defendant was responsible for the stopping of the escalator. Defendant relies on the rule that an admission against interest "constitutes evidence notwithstanding it was made by one without personal knowledge of the subject matter, but the lack of knowledge affects the weight of such evidence." 20 Am.Jur., Evidence, Sec. 544. See also Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S.W.2d 618; Sparr v. Wellman, 11 Mo. 230; IV Wigmore, Evidence, 3d Ed., Sec.

1053. However, the rule applicable to this situation, as stated in the footnote to the above cited section of Wigmore, is that although an admission need not be made upon the personal knowledge of the speaker this "does not require the reception of an admission which in form merely concedes that *some one else said something*; for here the fact admitted would itself be merely a hearsay statement." See also Reed v. McCord, 160 N.Y. 330, 54 N.E. 737, where this exact situation is discussed and the admission of such testimony was stated to be improper. The failure to strike the hearsay statement of Mrs. White under the circumstances here was error.

The elevator inspector of Kansas City, Missouri, a witness for defendant, testified without objection that the escalator in question was inspected twenty days before January 31, the date on which plaintiff claims her injury occurred, and that it was then found to be in proper working order. The trial court then permitted the inspector to testify, over the objection of plaintiff that the evidence was too remote, that the escalator was next inspected on May 5 and again found to be in proper working order. Plaintiff cites Snowwhite v. Metropolitan Life Ins. Co., 344 Mo. 705, 127 S.W.2d 718, 722, and two other cases, all of which hold, as stated in the Snowwhite case, that "'(i)t is the general rule that proof of a condition or a situation at a prior time not too remote raises a presumption of its continued existence thereafter until the contrary is shown, yet such presumptions are not retroactive. They do not run backwards, and ordinarily proof of a present condition standing alone is not presumptive evidence of its existence theretofore.'" However, whether or not a presumption or an inference "runs backward," there are situations where proof of a condition subsequent to an event is properly admissible as bearing on the probability of its prior existence at a specific time. See Brock v. Gulf, Mobile & Ohio R. Co., Mo.Sup., 270 S.W.2d 827. See also the discussion of this question in II Wigmore, Evidence, 3d Ed.,

Sec. 437, and the criticism in the footnote to Section 437 of what Wigmore refers to as the "fallacy that 'presumptions do not run backward.'"

Whether testimony of a condition is admissible as evidence of the condition at a particular prior time must necessarily depend upon the circumstances of the particular situation, and therefore whether the testimony is inadmissible because it is too remote must necessarily be subject to the sound discretion of the trial judge. II Wigmore, Evidence 3d Ed., Sec. 437; 20 Am.Jur., Evidence, Sec. 249; 31 C.J.S. Evidence, § 159. Testimony that on a certain date a hill was of a certain height would constitute some evidence of the height of the hill three months earlier, but this does not necessarily mean that evidence of the mechanical condition of an escalator three months after an occurrence should, standing alone, be admissible as tending to show the mechanical condition at the time of the occurrence. However, when other testimony establishes the necessary basis, such testimony, in the discretion of the trial judge, could be admissible. For example, where the defendant shows the mechanical condition prior to the occurrence at a time not too remote (which it did in this case), and then shows that there has been no change in the mechanical condition of the escalator until the date of the next inspection when it was again found to be in proper mechanical condition, the trial court could, in its discretion, admit the testimony of the mechanical condition of the escalator at the time of the next inspection, when not too remote from the occurrence, as having some evidentiary bearing on the mechanical condition at the time of the occurrence. In this case there was no testimony that there had been no change in the mechanical condition of the escalator during the interim consisting of more than three months between the occurrence and the next inspection. It is the burden of the party offering testimony to establish its admissibility, and in the absence of such a showing, plaintiff's objection on the ground of remoteness to the testimony concerning the condition of the escalator more than three months after the occurrence should have been sustained.

█ Plaintiff also challenges defendant's instruction 10, which told the jury that if it found that the escalator was being operated "in a normal manner," and that plaintiff fell, but that at the time the escalator was not coming to a sudden and violent stop it should find for defendant. Plaintiff's challenge is directed only to the use of the term "in a normal manner." Upon the authority of Stephens v. St. Louis Public Service Co., Mo.Sup., 276 S.W.2d 138, 141, we rule that as the matter is now presented the instruction was not prejudicially erroneous. In the Stephens case it was stated that the term "in a normal manner" may not have been apt in hypothesizing the movement of a streetcar, but its use under the circumstances and evidence in that case did not result in prejudicial error. The term is less inappropriate to the operation of an escalator.

Other matters urged by plaintiff need not be considered.

The judgment in favor of DeWitt Williams is affirmed, but the judgment in favor of Jones Store Company is reversed and the cause is remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.