Paul BROMLEY, pro ami, Appellant,

v.

Robert Dean McGINNESS, Respondent.

No. 24075.

Kansas City Court of Appeals.

Missouri.

Dec. 7, 1964.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 1, 1965.

---

is 30 feet wide. It has a concrete surface and there is no median line dividing the street. There is no intersection dividing the twenty-three hundred and the twenty-four hundred block on South Twelfth. There are vacant lots on each side of the street where children in the neighborhood play.

Paul Bromley, plaintiff, lived with his mother at 2430 South Twelfth Street. This is on the west side of the street. His parents were divorced and he was in the custody of his mother, Nancy Carol Bromley. Mrs. Bromley was employed and Paul stayed with his grandmother while his mother was working. On the afternoon of the accident his grandmother had returned him to his home about 3:00 p. m.

The weather was warm and the sun was shining. Later in the afternoon, Paul had gone outside to play. He had been playing on his side of the street, riding his bicycle up and down the sidewalk when he crossed over to the east side of the street where Bruce Crawford, age 14 had been playing with a younger sister, Connie, age 13, and brother Bobbie, age 11.

The Crawfords lived at 2415 South Twelfth Street which is on the east side of the street. The children had been sitting on the grass against the wall and near a tree. They had been looking south and Paul had his back to the traffic coming from the north. Paul's mother called to him and he turned and started across the street.

Merrill M. Steeb, Downs & Pierce, St. Joseph, for appellant.

Price Shoemaker and Elmer E. Reital, St. Joseph, for respondent.

BROADDUS, Presiding Judge.

This is a suit for damages for personal injuries sustained by a five-year-old boy when he collided with an automobile on March 19, 1963. The jury returned a verdict in favor of defendant and plaintiff has appealed.

The accident occurred shortly after 5:00 p. m. in the twenty-four hundred block on South Twelfth Street in St. Joseph, Missouri. South Twelfth Street runs north and south. At the place of the accident it

On the date of the accident defendant Robert McGinness lived at 2220 South Eleventh Street. He had returned home from work and was on his way to get something to eat. He was driving his 1959 Oldsmobile. From Eleventh Street he proceeded east on Hickory Street to Twelfth Street where he had to stop. He then made a right turn and proceeded south on Twelfth Street. He was traveling on his own side of the street and had traveled about a block and a half when the accident occurred.

As defendant McGinness approached the scene of the accident, he was driving about 20 miles per hour. He first noticed some children standing in the street when he was about 10 feet from them. They were ahead of him and to his left standing about 3 feet from the east curb. When defendant first saw the children he let up on the footfeed of the automobile but still kept his foot on the gas pedal. He did this because the children had their backs toward him and he was afraid they might turn and run in front of him. He did not apply his brakes nor did he sound his horn or otherwise warn of his approach.

When defendant was approximately 10, 12 or 15 feet from the children, Paul Bromley turned and ran across the street. He traveled about 10 feet before striking the automobile. When plaintiff turned and started across the street, Mr. McGinness applied his brakes and swerved to the right. When asked: "You didn't sound your horn?" defendant answered, "I didn't have a chance." Paul struck the left front door of the McGinness automobile. Defendant immediately stopped his automobile and got out. Paul was lying about even with the rear bumper and out aways from it in the middle of the street.

Defendant was familiar with the neighborhood. He saw the children when he was 40 feet from them. He had a child of his own and knew children playing in the street are unpredictable; that the sight of children in the area was a warning to be careful. Defendant's automobile was in good mechanical condition. It was equipped with two sets of brakes which were working properly. The horn was also in good working condition.

Plaintiff's sole contention here relates to the giving of Instruction No. 4 on behalf of defendant. It reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that the defendant Robert Dean McGinness was not guilty of negligence in failing to anticipate that plaintiff would run into his car and in failing to sound a warning by horn then your verdict must be for defendant."

At plaintiff's request the Court gave Instruction No. 1. It reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that on March 19, 1963, the defendant was operating his automobile in a southerly direction along and upon South 12th Street in the City of St. Joseph, Missouri, and that as he approached that place on South 12th Street where the occurrence in evidence happened, the defendant saw the plaintiff, a minor boy, age five years, standing in the street about three feet from the east curb with his back to defendant's approaching automobile, if you so find, and if you further find and believe from the evidence that at the time the defendant first saw plaintiff, defendant's automobile was approximately forty feet north of plaintiff and traveling at a speed of approximately 20 miles per hour, and that defendant *knew or should have known in the exercise of the highest degree of care that plaintiff, a child of tender years, was likely to run in the direction of defendant's approaching automobile* and to thereby collide with the defendant's automobile, if you so find, and if you further find and believe from the evidence that after the defendant first saw plaintiff *he failed to sound his horn to warn plaintiff of defendant's approaching automobile*, if you so find, and if you further find and believe from the evidence that plaintiff attempted to cross South Twelfth Street from where he was standing in said street and collided with defendant's automobile, if you so find, and that by reason of the defendant's failure to warn the plaintiff of his approaching automobile, the defendant failed to exercise the highest degree of care and was thereby negligent, if you so find, and if you further find that such negligence di-

188

rectly caused the plaintiff to collide with defendant's automobile and to be injured, then if you so find, your verdict should be in favor of the plaintiff and against the defendant." (Emphasis ours.)

As is to be seen, plaintiff's verdict directing instruction hypothesizes the factual situation as follows:

" * * * and that defendant knew or should have known, in the exercise of the highest degree of care that the plaintiff, a child of tender years, was likely to run in the direction of defendant's approaching automobile and defendant failed to sound his horn to warn plaintiff."

The above quotation contains the two essential elements plaintiff submitted for recovery. Instruction No. 4 is an exact converse of these two elements, that is, to know that a child *was likely* to run into defendant's automobile and to warn plaintiff by horn. Plaintiff does not criticize the language of the instruction and concedes that it is a converse instruction.

Plaintiff asserts that the instruction is prejudicially erroneous because it is contrary to the evidence and is not supported by the evidence. Plaintiff's brief contains authorities to the effect that an instruction not supported by the evidence is erroneous. However, the instructions involved in these cases are not converse instructions and have no application to the instant situation.

■ There is no set form for what is referred to as a converse instruction. A defendant can submit either the exact converse of plaintiff's verdict-directing instruction or the exact converse of any essential element of such instruction. Liebow v. Jones Store Co., 303 S.W.2d 660, 662, Mo.Sup. And the rule is equally well settled that a true converse instruction, such as the one here involved, does not need testimony to support it. Kimbrough v. Chervitz, 353 Mo. 1154, 186 S.W.2d 461, 464. The contention lacks merit.

The judgment is affirmed. All concur.