Idolos SANDERS, Plaintiff-Respondent,

v.

Charlotte NIXON, Defendant-Appellant.

No. 31913.

St. Louis Court of Appeals.

Missouri.

April 19, 1966.

Ralph K. Soebbing and Mueller & Riethmann, St. Louis, for defendant-appellant.

Irving L. Cooper, Cupples, Cooper & Haller, Clayton, for plaintiff-respondent.

WOLFE, Presiding Judge.

This is an action for damages arising out of personal injuries alleged to have been sustained when an automobile driven by defendant came into collision with an automobile driven by the plaintiff. There was a verdict and judgment for the plaintiff in the sum of $1,500.00 and the defendant prosecutes this appeal.

The collision occurred at the intersection of Hodiamont and Bertha Avenues in the City of St. Louis. Hodiamont Avenue is a north and south thoroughfare and it is intersected from the west by Bertha Avenue which ends at Hodiamont and thus forms a "T" intersection. It was a rainy day and plaintiff was driving his aunt's car north on Hodiamont Avenue. He was traveling at an estimated speed of ten miles per hour as he entered the intersection. When he reached a point about even with the projected center of Bertha Avenue, his car was struck on the left front fender by the right front fender of defendant's car which was making a left turn from Bertha to go north on Hodiamont. Plaintiff did not see defendant's car until a moment before the collision when it was about two feet from his car.

There is a stop sign for eastbound traffic on Bertha Avenue where it enters Hodiamont. The defendant testified that she brought her car to a stop at the sign. She signaled for a left turn and the southbound car on Hodiamont stopped to let her proceed into Hodiamont. She looked to her right and saw no car in the northbound lane for one hundred fifty feet. She then proceeded and as she entered the northbound lane of Hodiamont Avenue she was struck by the car plaintiff was driving. She said that her car was hit with sufficient force to bounce it back and make it hit the southbound car which had stopped for her left turn. In view of the conclusion we have reached it will not be necessary to set out in further detail the evidence relating to the collision.

After the collision the plaintiff got out of the car he was driving and went to a tavern and called the police. He had no cuts or bruises and did not limp. He said nothing to the police officer who responded to his call about being injured or hurt in any way. The car could not be operated but he managed to get it to the parking lane and walked to a bus stop. He said that he walked two or three blocks and that his knee started hurting and that he had a headache. He said that his knee continued to bother him, and about six days later he went to a doctor. The doctor testified that plaintiff had a sprained knee and there was some swelling of the soft tissue of the knee joint. The doctor also testified that the plaintiff said when he was being examined shortly before trial that his knee still hurt and the doctor concluded from this that the injury was permanent.

The defendant testified that two or three days after the collision the plaintiff telephoned her twice. In these conversations the plaintiff told her that if she did not pay for the damage to the car he had been driving she would have a big law suit. He said nothing about any personal injuries.

The defendant asserts here that the court erred in refusing to give an instruction that she offered. It is as follows:

"The Court instructs the jury that if you find and believe from the credible evidence that the plaintiff Idolos Sanders was not injured on the occasion in question the plaintiff cannot recover herein and your verdict must be for the defendant Charlotte Nixon."

A verdict directing instruction given at plaintiff's request contained in it the requisite finding that the plaintiff was injured. The above quoted instruction was simply a converse of an essential element of the plaintiff's verdict directing instruction. In Schaefer v. Accardi, Mo., 315 S.W.2d 230, the court approved a converse instruction exactly like the one here refused. The court in that case went on to say, 1. c. 234:

"* * * The defendant can submit what is known as a converse instruction, and in doing so can 'submit either the exact converse of plaintiff's verdict-directing instruction, Janssens v. Thompson, 360 Mo. 351, 228 S.W.2d 743, or the exact converse of any essential element of such instruction. Reger v. Nowotny, Mo.Sup., 226 S.W.2d 596; McCarty v. Milgram Food Stores, Inc., Mo.Sup., 252 S.W.2d 343; Oshins v. St. Louis Public Service Co., Mo.Sup., 254 S.W.2d 630. When either is done the result is what is referred to as a "true converse instruction," and such an instruction does not require affirmative testimony in support of it. Kimbrough v. Chervitz, 353 Mo. 1154, 186 S.W.2d 461, 464.' Liebow v. Jones Store Company, Mo.Sup., 303 S.W.2d 660, 662 [5]. * * *"

See also Frazier v. Ford Motor Co., 365 Mo. 62, 276 S.W.2d 95, 1. c. 102; Shanklin v. St. Louis Public Service Company, Mo.App., 370 S.W.2d 649 and Alberty v. Sunshine Biscuit Company, Mo., 321 S.W.2d 418, 1. c. 422, wherein the Supreme Court stated:

"* * * A short, clear converse instruction which makes plain to the jury a single essential fact issue, upon which their verdict must depend, is to be commended."

That is the type of instruction which we have here. For the reasons stated we conclude that the court erred in refusing to give the converse instruction offered by the defendant.

Some points are raised in relation to the plaintiff's verdict directing instruction.

Since the cause must be retried because of the error noted, and since upon retrial the instructions provided by M.A.I. must be used, no useful purpose would be served by passing upon the points or discussing the instruction questioned.

The judgment is reversed and cause remanded for a new trial.

ANDERSON, J., and L. F. COTTEY, Special Judge, concur.

RUDDY, J., not participating.