Sherman **LANDAU**, Appellant,

v.

**ST. LOUIS PUBLIC SERVICE COMPANY**,

a Corporation, Respondent.

No. 48401.

Supreme Court of Missouri,
Division No. 1.
July 10, 1961.

Glennon T. Moran, St. Louis, for appellant.

Harry L. Bell, St. Louis, for respondent.

WESTHUES, Presiding Judge.

This is the second appeal of this case. On the former trial, a jury returned a verdict for the defendant. The trial court granted a new trial for error in an instruction given at defendant's request. That order was affirmed by this court. See Landau v. St. Louis Public Service Company, Mo., 322 S.W.2d 132.

Plaintiff filed this suit asking $50,000 damages for loss of consortium claiming that plaintiff's wife sustained personal injuries through the negligence of the defendant. A trial resulted in a jury verdict for the defendant. From the judgment, plaintiff appealed.

Plaintiff, on this appeal, briefed seven points. Points I and III concern rulings on evidence. In point II, plaintiff complains of a ruling restricting the argument to the jury. In points IV and V, plaintiff says the trial court erred in giving instructions 6 and 5 at defendant's request. In point VI, plaintiff says the court erred in permitting defendant to ask jurors on voir dire examination whether they would conscientiously try to follow the instructions of the court. In point VII, it is asserted that "Defendant's counsel committed prejudicial error by injecting into the case references at intermittent intervals to the fact that plaintiff's wife had previously had a suit arising out of this same collision."

Before taking up the above assignments of error, we shall make a statement of the facts as shown by the evidence. Plaintiff's wife, Gay D. Landau, on June 9, 1950, at about 10:00 a. m., was driving a car eastwardly on Olive Street in the City of St. Louis, Missouri. As she was thus driving in the 3000 block, her car came into collision with a streetcar owned and operated by the defendant. Olive Street, at this point, had a double set of streetcar tracks. The streetcar involved in the collision was traveling in an easterly direction. To the right or south of the tracks there were three lanes for vehicular travel. The one next to the curb was at the time in question occupied by parked cars. Mrs. Landau was driving in the third lane or the one next to the tracks. A man by the name of Louis Hying was driving a car in the middle lane to the right of Mrs. Landau. Toward the east end of the 3000 block of Olive Street a red truck was double parked and was blocking the second or middle lane of travel. Both Hying and Mrs. Landau turned their cars slightly to the left so as to pass the truck. Before reaching the point where the truck was parked, Mrs. Landau's car and the streetcar collided. The dispute in the evidence was as to the relative positions of the Landau car and the streetcar at the time of and immediately prior to the collision.

Mrs. Landau testified that as she approached the 3000 block, she noticed or saw, as she glanced at her rearview mirror, an eastbound streetcar following at a distance of about 50 feet. She stated that she was traveling at a steady rate of 25 m. p. h., and continued at that speed up to the time of the collision; that when she turned to the left, her car was about a foot from the tracks; that in this position, she continued eastward for about 50 to 75 feet when she felt the impact of the streetcar striking her car at the side and rear; that the front of the streetcar hooked onto her car and pushed it eastwardly for about 75 feet.

The motorman of the streetcar testified that he never saw the Landau car prior to the collision; that the first he knew of the Landau car was when, in the 3000 block, he felt and heard a scraping on the side of the streetcar near the right front door; that the Landau car was at no time in front of the streetcar and that the streetcar did not strike the Landau car.

There was corroborating evidence to support both plaintiff's theory and defendant's theory.

The case was submitted to a jury under the humanitarian doctrine. Defendant has briefed the point that the evidence did not justify a submission of the case to a jury on that theory. We shall for the purpose of this case only assume that the evidence was sufficient to make a case for a jury.

We shall now dispose of the points briefed by the plaintiff. In the first point, it is claimed that error was committed when the trial court instructed the jury to disregard a statement made by Mrs. Landau shortly after the collision to the effect "It's all your fault." That the statement was made is admitted. The question is to whom it was addressed. If made to the motorman, it was a self-serving statement. If made to Hying, the man driving the car to Mrs. Landau's right, then the statement had a tendency to contradict Mrs. Landau's theory that it was the motorman's fault.

The question was presented to the trial court in the following manner: On cross-examination, Mrs. Landau was asked, "After this accident, did you accuse or say that Mr. Hying, the driver of the automobile to your right was at fault at the time of this accident?" She answered, "I don't know; —I don't recall that I did."

Mr. Hying was asked by defendant's counsel, "Did that lady, after this accident, ever state anything to you?" He answered, "Nothing in particular, just as I got out of the car she said, 'Well, it's your fault.'" In rebuttal, Mrs. Landau was recalled as a witness and the following occurred:

"Q. Now Mrs. Landau, with regard to a statement allegedly made by you, a statement, 'It's all your fault.', do you recall giving that statement, or making that statement after the accident? A. I did tell the motorman that when I gave the motorman my name, as I recall.

"Mr. Bell: May it please the Court, I am going to object to that as being a self-serving statement on the part of the witness and I object to it as being improper, what is now redirect examination.

"Mr. Moran: That's all.

"Mr. Bell: And move that it be stricken and the Jury told to disregard that.

"The Court: The objection will be sustained and the Jury will be instructed to disregard that last answer of the witness.

"Mr. Moran: That's all."

Note that Mr. Moran, plaintiff's counsel, did not ask Mrs. Landau whether or not she had made such a statement to Mr. Hying. A negative answer to such a question would have been in contradiction of Mr. Hying's evidence. That Mrs. Landau made such a statement to the motorman was not in rebuttal of Hying's evidence. Mrs. Landau may have made such a statement to the motorman and also to Mr. Hying. We rule the trial court did not err. The following authorities, cited by plaintiff, are not applicable to the question before us: "98 C.J.S. 646, Witnesses Sec. 629; Massman v. Muehlebach, 231 Mo.App. 72, 95 S.W.2d 808, 814(9); Johnson v. Minihan, 355 Mo. 1208, 200 S.W.2d 334, 338; Baker v. Thompson-Hayward Chemical Co., Mo.App., 316 S.W. 652, 657." The last citation should read 316 S.W.2d.

There is no merit in plaintiff's point VI wherein complaint is made that the court permitted defendant's counsel to ask two jurors if they would conscientiously try to follow the court's instructions and the evidence from the witness stand. No objection was made to the inquiry so the point was not preserved for review.

In point VII of the brief, plaintiff says that defendant's counsel committed prejudicial error by injecting into the case references to the fact that plaintiff's wife had had a suit arising out of this same collision. Note that it was not stated that the trial court erred in any ruling concerning this matter and the record so shows. Plaintiff at no time made any objection that preserved this question. The record shows that at the time Mrs. Landau was being questioned about certain photographs taken by her husband. Plaintiff's counsel objected because, as he stated, defendant "is asking for the contents of my file." The court ruled that "You have a slightly different situation here. The evidence shows that this photograph was taken by a party to the litigation, namely the plaintiff." The objection was overruled. Plaintiff, in the brief, has made no point on that ruling and is in no position to complain now of a matter that was not presented to the trial court.

In point III, plaintiff asserts that his objection to inquiry regarding failure to call Louis Hying as a witness should have been sustained. This is for the reason that this witness was equally available to both par-

ties. Plaintiff is correct in saying that the witness was equally available to both parties. However, we have failed to find any ruling prejudicial to plaintiff. While Mrs. Landau was being cross-examined, she was asked about the car being driven to her right at the time in question and whether she obtained the man's name and address. Then, she was asked,

"Some arrangements were made to bring him to St. Louis from DeSoto, Missouri?

"Mr. Moran: I am going to object to this line of questioning as not being proper cross-examination.

"The Court: Step up.

\*     \*     \*     \*     \*     \*

"Whereupon, a discussion was had off the record.

\*     \*     \*     \*     \*     \*

"The Court: The objection to the last question in the form asked will be sustained, but you may continue your line of inquiry."

Following that, Mrs. Landau was asked if she had accused Hying of being to blame for the collision. That was the basis of point I of plaintiff's brief which was disposed of supra. It will be noted that the court sustained plaintiff's objection the first time the matter of plaintiff's having Hying as a witness was suggested. No other objection was made. We rule the point against plaintiff.

Under point V, plaintiff urges that the trial court erred in giving an instruction (No. 5) which reads:

"The Court instructs the jury that you are not permitted to base a verdict entirely and exclusively on mere surmise, guess work and speculation, and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant was negligent without resorting to surmise, guess work and speculation, outside of and beyond the scope of the evidence, and the

reasonable inferences deducible therefrom, then it is your duty to, and you must return a verdict for the defendant."

This court, in a very recent case, had before it an identical instruction. See McCormack v. St. Louis Public Service Co., 337 S.W.2d 918. The trial court had granted a new trial on the theory that the instruction was erroneous. This court reversed the ruling of the trial court and directed that the verdict for the defendant be reinstated. It would be a waste of time and effort to review the question again. We approve what was said in the McCormack case and overrule plaintiff's contention that the instruction is erroneous.

Point IV concerns an instruction given at defendant's request which plaintiff says was prejudicially erroneous. The instruction (No. 6) reads:

"The Court instructs the jury that in deliberating upon this case, it is your duty to decide first whether or not under all the facts and circumstances in evidence there is or is not any negligence upon the part of the defendant, as submitted and defined by other instructions. Until this question of negligence has been determined by you, you have no right to consider the amount, if any, that plaintiff may be entitled to recover.

"If the plaintiff is not entitled to recover, then in your deliberations you should not consider the amount of damages."

Similar instructions have been before this court on a number of occasions. See Mendenhall v. Neyer, 347 Mo. 881, 149 S.W.2d 366, instruction No. 8 at page 368, and the discussion of the question of whether the instruction was erroneous at page 369(1, 2), and see Stephens v. St. Louis Public Service Company, Mo., 276 S.W.2d 138, loc. cit. 143(9). What this court there said disposes adversely of plaintiff's contentions.

Plaintiff's point II has to do with the argument of plaintiff's counsel to the jury. It was in evidence that the defendant had a

photographer take pictures of the streetcar and Mrs. Landau's car at the scene of the collision. One of the sharp issues was at what point the Landau car was damaged. Defendant did not produce a picture showing the entire left side of the car. In arguing to the jury, plaintiff's counsel stated:

"I think the Jury will recall that the motorman testified that their man was on the scene and took this photograph. Now, I am running a transportation line and I see fit to send people out with cameras to take pictures of accidents. Don't you think I would have the good common sense at least to take a picture of the car after it was pulled away and don't you know that there is such a photograph in existence?

"Mr. Bell: I object to that your Honor, on the grounds that there is nothing in evidence about that.

"The Court: No evidence whatsoever. The jury will be instructed to disregard that part of the argument."

The record shows that plaintiff's counsel continued his argument as follows: "All I ask in regard to the photographs is that you use your own good common sense. There is no better instruction that the Court can give you other than that. It is not in the instructions, but it is the one thing that you can and are required to do, just use *you* own good common sense about this and you will know."

■■ It is apparent that the trial court did not unduly restrict the argument. The only restriction imposed by the ruling was in regard to a statement which implied that there was evidence that the defendant did take a picture of Mrs. Landau's car, after the car and the streetcar were separated, which disclosed damage to the Landau car not shown on other photographs. A trial court may within reason restrict and control arguments of counsel to a jury. There was no unreasonable restriction in the case. 88 C.J.S. Trial § 181, p. 352; Marler v. Pinkston, Mo., 293 S.W.2d 385, loc. cit. 386(1).

We have reviewed all points briefed and have found the record free from prejudicial error.

The judgment is affirmed.

All concur.