**Leo H. MOLL, Appellant,**

**v.**

**SPRINGDALE PARK, INC., a corporation, Respondent.**

**No. 51291.**

Supreme Court of Missouri,

Division No. 2.

Nov. 8, 1965.

Sherman Landau, St. Louis, for appellant.

J. C. Jaeckel, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent.

STOCKARD, Commissioner.

Plaintiff has appealed from an adverse judgment, entered pursuant to a unanimous jury verdict, in his action for damages in the amount of $65,000 allegedly resulting when he fell from a ladder leading to the "high-dive tower" at the public swimming pool of defendant. A detailed statement of the facts is not essential to rule the issues presented on this appeal.

Plaintiff submitted his case to the jury on the negligence of defendant in permitting "grease on the right rail or handhold near the top of said ladder" when the grease had been there for a sufficient time prior to plaintiff's fall for the defendant, in the exercise of due care, to have discovered such condition and to have removed it or to have warned plaintiff of its presence. At the request of defendant the trial court gave Instruction 10, a cautionary instruction pertaining to "surmise, guesswork and speculation," which, except for the first sentence, was identical, or substantially so, to the instruction approved in Landau v. St. Louis Public Service Company, Mo., 347 S.W.2d 870, 873, and McCormack v. St. Louis Public Service Company, Mo., 337 S.W.2d 918. The first sentence was as follows: "The court instructs the jury that negligence is not in law presumed, but must be established by proof as explained in another instruction."

Plaintiff asserts the instruction is erroneous because (1) "it improperly places upon plaintiff the burden of proving his case 'beyond a reasonable doubt,'" (d) it "im-

properly detracts from the weight of plaintiff's circumstantial evidence," and (3) it "presents an unfair and prejudicial argument against the plaintiff's cause of action."

■ This point does not comply with Civil Rule 83.05(e), V.A.M.R., in that it does not set out why the instruction accomplishes any of the things asserted in the form of a conclusion. As worded, the point does not inform opposing counsel just what plaintiff's contentions really are and what he is required to answer. See Reifsteck v. Miller, Mo., 369 S.W.2d 229; and Domijan v. Harp, Mo., 340 S.W.2d 728. However, if in a liberal exercise of discretion we should say that we are able to discover plaintiff's contentions from the argument in his brief, none of the above contentions, as stated or as implemented by argument, were advanced at the time the instruction was given or in the motion for new trial. Plaintiff in effect admits this in his reply brief because he cites and relies on Hart v. Midkiff, Mo., 321 S.W.2d 500, wherein it was held that pursuant to Supreme Court Rule 3.23, now repealed and replaced, a general allegation of error with respect to instructions was sufficient. That rule no longer is in effect, and now in order to preserve for appellate review a challenge to an instruction, specific objections must be made either at the time of trial or in the motion for new trial. See Civil Rules 79.02 and 79.03, V.A.M.R. This was not done, and the contentions of appellant now advanced are not preserved for appellate review. Miller v. Gulf, Mobile & Ohio Railroad Company, Mo., 386 S.W.2d 97. In any event, the instruction was not erroneous. Plaintiff's argument is directed to the use of the word "establish," but in Morris v. E. I. Du Pont De Nemours & Co., 351 Mo. 479, 173 S.W.2d 39, 40, and Automobile Ins. Co. of Hartford v. J. C. Nichols Co., Mo.App., 309 S.W.2d 698, 700, the precise point was ruled adversely to plaintiff's contention. In addition, the phrase used in Instruction 10 is that "negligence * * * must be established by proof as explained in another instruction,"

and there is no challenge to the other instruction.

Plaintiff's second point is that the "court erred in sustaining defendant's objection that plaintiff's physical impairment was 'speculative and conjectural,' and in denying plaintiff's counsel the right to comment to the jury on plaintiff's damages."

■ Again, this point is insufficient, Civil Rule 83.05(e), V.A.M.R., and there is no mention, direct or inferential, in the motion for new trial pertaining to the first portion of the point. As to the second part, plaintiff made no reference to the amount of damages in his opening argument to the jury, and defendant did not argue the issue. In plaintiff's closing argument he attempted to argue the amount of damages the jury should return and the court sustained defendant's objection thereto. In this situation we doubt that plaintiff is entitled to complain, but in any event, the verdict on the issue of liability was for the defendant. The jury never reached the issue of damages, and any error pertaining to argument as to damages could not have been prejudicial. Merritt v. Mantony, Mo., 353 S.W. 2d 768; Nash v. Plaza Electric, Inc., Mo., 363 S.W.2d 637. This principle applies equally to the first part of the point because it also pertains only to the issues of damages.

■ Plaintiff's third and last point is that the trial court "erred in failing to grant a new trial to plaintiff for the misconduct of defendant's counsel in defying and disregarding the court's rulings by injecting into the case the false and synthetic issue of selection of plaintiff's physician after the court had twice ruled squarely against the admission of such issue." Aside from the insufficiency of the point, we find from the argument in plaintiff's brief that he has reference to two objections which he made and which were *sustained,* and to a subsequent question asked of plaintiff as to whether his attorney arranged for him to see Dr. Luebbert, but to which no objection

was made. Plaintiff's answer was that, "My attorney did not, sir." We fail to see how plaintiff was or could have been prejudiced. Plaintiff makes reference in the argument portion of his brief to a comment made in oral argument, but that also was not objected to. In addition, we note that all of this pertains to the issue of damages, at least it does not pertain to the issue of liability, and the jury never reached the place where it properly could consider damages. We find no error prejudicial to plaintiff.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.