MABEL F. TOPPING *vs.* EASTERN MASSACHUSETTS STREET
RAILWAY COMPANY.

Middlesex.     March 3, 1925. — May 19, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Street railway.  *Evidence,* Admissions.  *Practice, Civil,* Exceptions; Requests, rulings and instructions.

At the trial of an action by a passenger against a street railway company for personal injuries received by reason of conduct of a disorderly fellow passenger on a "one man" car of the defendant, who, the plaintiff contended, the defendant negligently permitted to enter and to remain on the car, there was no dispute that the fellow passenger was disorderly. The plaintiff offered and the judge excluded evidence tending to show that the operator made a criminal complaint against the fellow passenger for disorderly conduct.  *Held,* that

    (1) The plaintiff was not harmed by the exclusion of the evidence;

    (2) The evidence properly was excluded, there being no evidence to show that in making the complaint the operator was acting as an employee of the defendant and within the scope of his employment.

In order to prove the operator negligent in the action above described, it was not sufficient to show that he saw or ought to have seen a drunken person get upon the car and that injury subsequently resulted.

An exception to a refusal by a judge at a trial to give a ruling, correct in substance and form, in the exact phrase in which it is asked, will not be sustained where the ruling was given in substance in the judge's charge.

An exception to a refusal by a judge at a trial to give a ruling correct in substance and in form will not be sustained where it does not appear from the record before this court that the ruling was applicable to any issue at the trial.

TORT for personal injuries received when the plaintiff was a passenger upon a street car of the defendant. Writ dated February 20, 1922.

In the Superior Court, the action was tried before *Sisk,* J. Material evidence and exceptions to the exclusion of evidence are described in the opinion. At the close of the evidence, the plaintiff asked for and the judge refused to give the following rulings among others:

"5. The court instructs you that if you find that the motorman or operator of the car upon which the plaintiff was a

passenger saw one or more persons who were intoxicated and disorderly board the car, and that such intoxicated or disorderly persons caused injury to the plaintiff, then the defendant was negligent and you must find for the plaintiff.

"6. The court instructs you that if the motorman or operator of the car, by the exercise of the highest degree of active caution or diligence, commensurate with the scope of his employment and the practical operation of the car, should have seen one or more persons who were drunk or disorderly board the car, and that such intoxicated or disorderly persons caused injury to the plaintiff, then the defendant was negligent, and you must find for the plaintiff.

"7. The court instructs you that if you find that the conduct, speech or manner of any passenger or passengers toward another passenger indicated that violence or harm was likely to result; that the fact of such conduct, speech or manner attracted the attention of the motorman or operator of the car; that the operator stopped the car and returned to the place where such persons were so conducting themselves and failed to protect the plaintiff from threatened violence, then the defendant was negligent and you must find for the plaintiff.

"8. The court instructs you that it was the duty of the defendant, not only to exclude those who are known to be intoxicated, and likely to be otherwise offensive or dangerous to other passengers, but also, if such persons enter a car, either to expel them or to compel them to preserve order and observe the reasonable rules of the company and the rights of other passengers; caused by the conduct of other passengers, if such conduct was unusual or disorderly, and could have been prevented by the person who had charge of the car at the time."

"13. . . . It is bound to select and employ a sufficient number of competent servants to meet any exigency which, in the exercise of that high degree of vigilance and care to which it is held, it ought reasonably to have anticipated. (*Kuhlen* v. *Boston & Northern Street Railway*, 193 Mass. at page 346, and cases cited.)

"14. The court instructs you that it is not only the right

but also the duty of a common carrier such as the defendant is to remove disorderly persons in order to protect the rights of other passengers.

"15. The court instructs you that it is not only the right but also the duty of a common carrier to remove passengers who are noisy and disorderly to the annoyance of the other passengers. (*Beckwith* v. *Cheshire Railroad,* 143 Mass. 68; 148 Mass. 122.)"

There was a verdict for the defendant. The plaintiff alleged exceptions.

*T. L. Reynolds,* (*F. J. Garvey* with him,) for the plaintiff.

*J. M. O'Donoghue,* for the defendant.

WAIT, J. The plaintiff claimed damages because, while seated as a passenger in a street car of the defendant, she was struck in the head during an altercation which arose between her companion, seated beside her, and a drunken passenger.

It was Saturday night. The plaintiff and her companion took the car at Merrimack Square, Lowell. It was a "one-man" car, bound for an amusement park, and was crowded when it left the square. At the time of the alleged injury there were more than seventy passengers upon it with seats for but forty-four. Soon after leaving the square, it stopped and took on three intoxicated men, obviously drunk. There was testimony that the motorman spoke with the men as they got on. One of them was given a seat by a woman, and went to sleep. The other two remained standing, and were noisy and boisterous. The motorman stopped his car (once, as he said; twice, as some other witnesses testified,) went back and warned them. The last time he told them to come forward to the vestibule with him. They followed him, and, on the way, one pressed on the plaintiff's companion in passing him. Sharp words ensued, and the blow which the plaintiff claimed injured her. The motorman stopped the car on hearing a scream, seized the man and with help put the two off the car. In the struggle his money apron and pouch were torn off. He reported the loss to the police, who arrested the men at the park. Earlier in the evening the same two men had been refused passage on another car by the car starter at Merrimack Square by order of the super-

intendent of the defendant's railway on account of their drunken condition; and had been removed by a policeman. It appeared in the cross-examination of a witness for the plaintiff, that the men were tried in the police court for assault on the officer. The plaintiff offered evidence to show that a complaint was made by the motorman for disorderly conduct on the street car. It was offered as an admission by the defendant corporation of disorderly conduct by the two men. The evidence was excluded, and exception saved.

There was no dispute that there was disorderly conduct by the two men, and no error prejudicial to the plaintiff is shown, even had the ruling been wrong. It, however, was right. There was no evidence to show that the motorman had any authority to act for the corporation in making a complaint to the court, or after the event to make admissions binding his employer. *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573, 575.

The plaintiff claimed exceptions to the refusal of the court to give seven instructions to the jury as requested. There was no error in the refusals. Requests 5, 6, and 8, were too broad. It is not enough to prove negligence in failing to prevent injury to a passenger to show that the person in charge of the car saw or ought to have seen a drunken person get upon the car and that injury subsequently resulted. The doctrine of *Rylands* v. *Fletcher*, L. R. 3 H. L. 330, is not to be extended to a drunken person on one's premises. *Cobb* v. *Boston Elevated Railway*, 179 Mass. 212.

Requests 7, 14 and 15 were covered by the instructions actually given and to which no exception was taken. The judge instructed the jury in language quoted from decisions of this court: "It is the duty of the defendant, as a carrier of passengers for hire, to use the highest degree of care consistent with the nature and extent of its business, not only to provide safe and suitable vehicles for their carriage, but to maintain all such reasonable arrangements for control and supervision both of the passengers and of its own servants as prudence would dictate to guard its passengers, while they occupy that relation, against all dangers that are naturally and according to the usual course of things to be

expected. . . . And its duty to use all proper means and precautions to protect its passengers against injuries caused by the misconduct of other passengers, such as under the circumstances might have been anticipated and could have been guarded against, is no less stringent than the obligations to prevent misconduct or negligence on the part of its own servants." *Kuhlen* v. *Boston & Northern Street Railway*, 193 Mass. 341, 346. "On the other hand, a common carrier does not insure to its passengers immunity from harm. It is engaged in a public service which must be managed in such a manner as to be practical and adapted to the needs of contemporary society, both as to expense, convenience, comfort and rapidity. Hence it cannot be held responsible for manifestations of lawlessness, heedlessness, impetuosity or force which a high degree of prevision and sagacity could not reasonably be expected to forestall. Injury arising from the sporadic act of an individual or the aggregated impulses of a throng, if outside the limits of conduct reasonably to be apprehended by one under a strong legal duty to be most keenly sensitive to guard against preventable wrongs, affords no ground of liability. The carrier is not bound to adopt all possible precautions nor every conceivable safeguard for the safety of passengers, nor to exercise the utmost diligence which human ingenuity can imagine to avert injury." *Glennen* v. *Boston Elevated Railway*, 207 Mass. 497, 498.

Request 13 was not based upon anything disclosed by the bill of exceptions. There was no evidence of any failure to select and employ a sufficient number of competent servants which had anything to do with the injury complained of. However correct as a statement of the law, the judge was not bound to give it in a case where the trial presented no issue to which it was applicable. *Rich* v. *Silverman*, 216 Mass. 195. *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 401.

The case properly was submitted to the jury. They decided for the defendant. We see no reason to disturb the verdict.

*Exceptions overruled.*