Riley, J.
This action of tort is brought by the plaintiff to recover for personal injuries alleged to have been sustained as a result of the negligence of the defendants in permitting an intoxicated person to enter and remain upon their premises and assaulting the plaintiff while he was there as an invitee.
The defendant Petit and Bechard at the time of the alleged assault were co-partners, conducting a public cafe known as the Windsor Cafe on Main Street in Chicopee Falls, Massachusetts. When it occurred, Bechard, who is hard of hearing, was in sole charge of the business and no other employees of the defendants were present in the cafe. The material evidence is set out in the Report as follows: On February 16, 1941 at 8 P. M. the plaintiff and a friend entered the cafe and ordered beer which was paid for. Shortly after 8 o’clock, while the plaintiff and his friend *489 were drinking their beer at one of the tables, which was about eight or ten feet from the bar, which was in charge of the defendant Bechard, Scanlon and Hassett entered the cafe. Hassett had been drinking. He was well known to Bechard and had been drunk on other occasions. He saw them as they entered and passed him as he was at the bar. They went to the washroom from which they returned shortly thereafter. No drinks were served to them in the cafe. The bar is twenty feet long and the table at which the plaintiff was sitting was just opposite the center of the bar. The cafe is arranged so that a bar is on the right hand side of the premises as one enters and a number of tables with benches on each side are on the left hand side, at right angles to the bar. There is an eight foot aisle separating the benches and tables from the bar. The plaintiff was sitting with his feet across one of the benches and his friend was sitting on the opposite bench. All other tables and benches were unoccupied, and there were no other customers. Scanlon tried to sit with the plaintiff and his friend and the plaintiff remarked to him that there were other benches where he could be seated. Hassett ■ thereupon remo red his glasses and put them on the bar. Bechard was behind the bar. Hassett approached the plaintiff and a scuffle ensued between the plaintiff and Hassett during which the plaintiff’s left hand was kicked causing injury to the plaintiff’s left little finger. The plaintiff had not attached Hassett or Scanlon and did nothing to provoke Hassett. As soon as Bechard saw the disturbance he came from behind the bar and took charge of Hassett.
The trial judge found for the defendants and refused the following Bequests for Rulings:
*490 1. The defendants were negligent in permitting an intoxicated person to enter and remain upon the premises of the defendants.
5. The defendants should have reasonably adopted all available means to guard and protect the plaintiff by removing the source of annoyance to which the plaintiff had been subjected and by eliminating an imminent menace of physical harm by permanently ejecting the offender.
6. Upon all the evidence a finding for the defendants is not warranted.
There was no error in denying the first Ruling as the evidence does not show that Hassett, the man who committed the alleged assault, was intoxicated. It goes only to the extent of stating that he had been drinking.
Although the fifth Request was denied, the court stated “Upon Request i#5 I find that the defendants did adopt all reasonably available means to protect the plaintiff, as soon as the danger of physical harm to the plaintiff became apparent.” In view of this finding of facts by the court, we do not think there was error in denying the plaintiff’s fifth Request. It is true that the substance of it is taken from the Opinion in Holton vs. Boston Elevated, 303 Mass. 242 at 247, but it is there predicated upon the assumption that the employee who stood in place of the defendant in the case at bar, saw and heard what was happening. The statement of the trial judge above quoted indicates that the defendant' acted as soon as he was aware of the dangerous circumstances and the evidence does not require a finding that he was negligent in not appreciating the danger before he did. In a much stronger case than the one at bar, Topping vs. Eastern St. Railway, 252 Mass. 270, 273, the court speaks as' follows: “It cannot be said as matter of law that the failure of the one in control of *491 a drunken person to restrain him under such supervision that he cannot possibly harm another makes the one in charge absolutely liable if such harm results.” Holton vs. Boston Elevated, 303 Mass. 242 at 246.
The trial judge gave the following Rulings requested by the plaintiff:
2. The defendants were under a duty to the plaintiff not to expose him to any danger created by their negligence.
3. The defendants were under no obligation to accept an intoxicated person as a business guest or any person who, because of intoxication or for any other reason, would be offensive to the other guests.
4. The defendants owed a duty to the plaintiff and could not expose him to dangers created by their negligence.
These Requests seem to be in accord with the law governing persons in the position of the plaintiff and defendants as laid down in Robinson vs. Weber Duck Inn Co., 294 Mass. 75 and cases there cited. The granting of these Requests, together with the finding relative to the plaintiff’s fifth Request, we think clearly shows that the trial judge correctly instructed himself in reference to the law applicable to the facts and that the result of the case did not depend upon the denial of the fifth Request. Himelfarb vs. Novadel Agene Corp., 305 Mass. 446, 448 and cases cited.
There was no error in denying the plaintiff’s sixth Request. The granting of this Request would he equivalent to ruling that the plaintiff was entitled to a finding as matter of law. It is rarely if ever, that such a ruling can be made in a case depending on oral evidence. Even in cases brought by passengers for injuries sustained by *492 intoxicated travelers on public conveyances, where the highest degree of care is required of the defendant carrier, the defendant’s negligence has uniformly raised a question of fact. Topping vs. Eastern Mass. St. Railway, 252 Mass. 270; Holton vs. Boston Elevated, 303 Mass. 242, and cases cited.
We think the evidence in this case warranted a finding for the defendants and that there was no prejudicial error in the denial of the plaintiff’s Requests. That report will accordingly be dismissed.