HAROLD J. GOGGIN *vs.* NEW STATE BALLROOM.

Suffolk.    February 5, 1969. — April 18, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Negligence*, Obnoxious person, Dance floor.

At the trial of an action by a frequent patron of the defendant's public dance hall for personal injuries sustained on a holiday evening while a large, boisterous crowd there were doing "kicking" dances accompanied by "bumping" and he and his partner were dancing in a corner when "all of a sudden, bang!" they were "pushed right over" by a dancer, the evidence did not warrant a finding of negligence on the part of the defendant, even if the bump which floored the plaintiff was deliberate.

TORT.    Writ in the Superior Court dated February 5, 1962.

The action was tried before *Goldberg*, J.

*William H. Shaughnessy* for the defendant.

*Dwight L. Allison* for the plaintiff.

REARDON, J.   On March 17, 1960,[1] the plaintiff, accompanied by a lady companion, entered the New State Ballroom in Boston at approximately 8:45 P.M. in anticipation of an evening with Terpsichore.   Having paid the admission of $2 each and checked clothing, they commenced dancing when the music began.   At this time there were approximately 900 people in the hall.   The dance floor was waxed and polished and was about 125 feet long with a width of 90 feet.   By 9:30 P.M. the crowd had grown to 1,200, and by 10:00 P.M. it had increased to the point where there were 1,800 to 1,900 people on the dance floor.   These dancers

---

[1] A day commemorated in Boston as "Evacuation Day."

were "noisy and boisterous, kicking their feet, bumping into people and doing some real kicking." This kicking occurred in connection with the execution of such dances as the "Cha cha and jitterbug," and was accompanied by "bumping." The plaintiff, however, "only danced the waltz and refrained from the Cha cha or the jitterbug." The record is silent relative to the problem of how one can negotiate a waltz when the music being performed is geared to a cha cha or a jitterbug. It does disclose that in addition to the band which was on hand to render fox trots and waltzes there was a second orchestra designated as an "Irish band for Irish figure dancing which is rather fast music." While the plaintiff's partner claimed she saw no attendants, there was testimony from the defendant's manager that two police officers, plus a sergeant, were on duty "along with two employees of the Ballroom who were on the dance floor." This detail was evidently insufficient to aid the plaintiff, for at 10 P.M. "he was dancing the waltz with his partner in a corner as there was one fellow he was trying to keep away from. When it is crowded like that you really can get bumped." He and his partner remained in the corner "but this fellow kept coming and all of a sudden, bang! 'We were pushed right over!' " The plaintiff went down, his head hit the floor, and his partner fell on top of him and ripped her dress in the descent. The plaintiff had been no stranger to the physical activity which took place at the ballroom for he was a regular attendant there on every Saturday evening between March 17, 1959, and March 17, 1960. He also repaired to the ballroom during that period on any holiday nights that fell on a weekday.

On this evidence the defendant moved for a directed verdict on a count in an action of tort brought by the plaintiff wherein he alleged that he was on the defendant's premises by invitation, that he had paid an admission, and that he was injured by reason of the defendant's negligence in its failure to conduct its establishment in an orderly manner and in compliance with statutes, ordinances and rules relating to it. The motion was denied, there was a verdict for the

plaintiff, and the defendant is here on an exception to that denial.

The law in these circumstances has been often stated. The defendant, which opened its ballroom to the public in furtherance of its business, owed the duty to the plaintiff, who paid to enter, of reasonable care that no injury occur to the plaintiff through the actions of a third person whether such acts were accidental, negligent or intentional. *Rawson* v. *Massachusetts Operating Co. Inc.* 328 Mass. 558. *Carey* v. *New Yorker of Worcester, Inc. ante,* 450. Restatement 2d: Torts, § 344. The defendant, however, was not an insurer of the plaintiff's safety. *McFadden* v. *Bancroft Hotel Corp.* 313 Mass. 56, 59. Its liability in this instance must arise from its knowledge, or the fact that it should have known of or anticipated, in the exercise of reasonable care, the disorderly or rowdy actions of third persons which might lead to injury to the plaintiff. *Fortier* v. *Hibernian Bldg. Assn. of Boston Highlands,* 315 Mass. 446. Furthermore, where in a ballroom such as this conditions existing at the time of the accident are open and obvious to any person of ordinary intelligence, the defendant is under no duty to warn the plaintiff even where a substantial crowd has gathered. *Sterns* v. *Highland Hotel Co.* 307 Mass. 90, 95–96. *Waugh* v. *Great Atl. & Pac. Tea Co.* 317 Mass. 230, 231.

The plaintiff in this case chose on an evening not noted for restraints on exuberance in the city of Boston to go with his lady to a public dance hall where he knew the patrons were lovers of the cha cha and the jitterbug. He knew these dances involved muscular contortions and a degree of abandon not associated with a minuet. A certain amount of innocent bumping in a large crowd would be unavoidable. That the bump which floored the plaintiff may have been deliberate was, in our view, not such a happening that the defendant was bound to anticipate it. It was unusual and not reasonably to be apprehended and affords no basis for treating the defendant as negligent. *Rich* v. *Boston Elev. Ry.* 316 Mass. 615, 618–619. The vagaries of fashions in the dance and their consequences are better left subject to the judg-

ment of those who engage in them or frequent establishments where they may be found, absent circumstances which may in the light of the principles herein discussed provide a basis for liability. *Hibbs* v. *Brown Hotel Co.* 302 S. W. 2d 127 (Ky.), and cases cited. See *Ruehling* v. *American Legion Pavilion, Inc.* 255 Minn. 391.

*Exceptions sustained.*
*Judgment for the defendant.*