Helen FURLOW, Appellant,

v.

E. C. CAMPBELL, d/b/a E. C. Campbell Rides & Concessions, Respondent.

No. 54842.

Supreme Court of Missouri, Division No. 1.

Nov. 9, 1970.

Thomas J. Briegel, Union, for appellant.

Frank X. Cleary, Daniel T. Rabbitt, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for respondent.

LAURANCE M. HYDE, Special Commissioner.

Action for $175,000 damages for personal injuries. The jury found for defendant and plaintiff has appealed from the judgment entered against her.

Plaintiff and her son were attending a fair at which defendant operated several rides. They were in a crowd near a machine called a comet ride. Nearby was a kiddie ride, with small cars for children which revolved on arms that went out from a center post. There was a small railing, also referred to as a rod, around this kiddie ride. While plaintiff and her son were in the crowd between the two rides, the comet ride raised up and tilted. People in the crowd thinking it would fall tried to get out of its way. Plaintiff said some screamed and panicked. Plaintiff and her son moved back and sideways but got separated and plaintiff fell over a metal bar, which was a part of the railing around the kiddie ride. Plaintiff's right foot was caught in a wheel or wire of the kiddie ride and was dragged by it. The man operating it "hadn't stopped it" when plaintiff's son and several other men "got ahead of this machine and drug it to a stop." Plaintiff was taken to a hospital by a deputy sheriff. Negligence charged was that the rides were "negligently, carelessly and recklessly operated, managed and maintained by the Defendant." Because of the issues presented it is not necessary to consider the evidence concerning her injuries.

Plaintiff claims prejudicial error in the admission in evidence of a registered letter sent by defendant's counsel to plaintiff's husband to comply with Civil Rule 66.01(c), V.A.M.R., requiring him to join within 30 days or be barred. Plaintiff

husband did not join in plaintiff's action. He was not a witness and did not appear at the trial although it was admitted that he received the letter. Certainly the requirement for this letter is not to provide evidence on the issues of a plaintiff's injuries or a defendant's liability. Instead it is intended to prevent trying issues piecemeal which are based on a single occurrence and are so necessarily interrelated and dependent as in husband and wife suits. State ex rel. Keeling v. Randall, Mo.Sup., 386 S.W.2d 67. (This rule was adopted because of the situation developed in that case.) Since plaintiff's husband did not join in the action we must hold this letter and evidence of its receipt by plaintiff's husband was immaterial and not relevant to any issue in this case.

However, defendant says that the judgment in its favor should not be reversed because this letter related only to the issue of damages and the jury found for defendant on the issue of liability, citing Rath v. Knight, Mo.Sup., 55 S.W.2d 682, 685; Merritt v. Mantony, Mo.Sup., 353 S.W.2d 768, 769; Nash v. Plaza Electric, Inc., Mo. Sup., 363 S.W.2d 637; Moll v. Springdale Park, Inc., Mo.Sup., 395 S.W.2d 126. As these cases show we have considered improper evidence only on the issue of damages to be immaterial when the jury has found for the defendant on liability. As we stated in Poague v. Kurn, 346 Mo. 153, 140 S.W.2d 13, 20, 21, where the jury verdict was for defendants, "rulings, on matters relating only to the amount of damages to which plaintiff might be entitled to receive if defendants were liable, could not have been prejudicial so as to constitute reversible error." The trouble here is that defendant did not use this letter only for that purpose.

Part of plaintiff's claim was that injury to her leg interfered with marital intercourse with her husband. Defendant was permitted, over objection, to require plaintiff to testify that her husband had received the registered letter notifying him he must join in plaintiff's action within 30 days or be barred as provided in Rule 66.-01(c) and had made no claim. This letter was then read to the jury. Defendant's counsel in his argument to the jury stated: "Under our law, the Supreme Court has promulgated some rules where a wife files a suit or where a husband files a suit, the lawyer representing the party against whom the suit is filed, writes the other party, the other spouse, the wife or husband, a letter pointing out that if you have a claim for loss of consortium, that includes the marital act, loss of consortium or loss of services, meaning expense of any nature also, you must come in, you must come in and join in the action as a party plaintiff. That letter was written January 26, 1967 by me, under the Supreme Court of Missouri Rule 66.01, signed by me and a copy sent to Mr. Briegel.

"He was not in here, he was not in here even to sit as a spectator. Here is a man who has no cause of action, he says, by his failure to assert it. If this marital act was interfered with to such an extent, I don't have to tell you married people, don't you think the other party would have some complaint about it? You know that without me telling you. Certainly you do. Not one voice was raised, his voice raised. He didn't seek to recover anything. In effect, he says, I have no cause of action, I have nothing to assert."

We must hold that all this goes beyond the issue of damages only but goes also to refute plaintiff's claim on the issue of liability because if plaintiff's husband had no cause of action, it would surely mean plaintiff had none. In effect it would mean plaintiff either was not really injured or that any injury was caused by her own negligence, and that was the purpose for which the letter was used. We hold the admission and use of this letter was prejudicial error.

■ The negligence submitted against plaintiff was failure to keep a careful lookout. Plaintiff contends there was no evidence to support the instruction submitting this issue. In ruling this conten-

tion, we must consider the evidence in the light most favorable to defendant and give the defendant the benefit of any favorable inferences that may be reasonably drawn from the evidence. Jackson v. Skelly Oil Co., Mo.Sup., 413 S.W.2d 239, 242. Our view is that the evidence was sufficient to support this submission. Plaintiff and her son were leaving the fair when they walked by the comet ride. Plaintiff saw it act abnormally and moved away from it. While there was evidence of crowd panic and screaming, it is indefinite as to the distance between the two rides and how much of the space between them the crowd covered. Both plaintiff and her son remained calm and moved away. Plaintiff's son said: "[P]eople were going whatever direction they seemed to think best, to get out of its way. From where we were, we turned around and were going in a direction generally away from the machine so it was to our backs, although we were making some sideways movement. And, I had mother in front of me, at arm's length. I had my hand on her shoulders trying to control over movement in the crowd, to get away. And, as we moved across, just before we got to this kiddy ride for the little children, we were separated and she was out of my sight momentarily. And, when I could see her again, this small railing was pushed aside and she was in underneath this machine there." Plaintiff testified: "The ride came up, braced up. This is when the crowd panicked. We were going to try to move a little bit, because I felt the ride was going to fall and I wanted to get out of the way. I did not scream and my son did not. I felt that I was hit and the next thing I knew, I had struck a bar and went into a kiddy ride. * * * Q. You said that in your deposition and you say it now, none of these rides struck you, that is correct, isn't it?

"A. That is correct, the ride did not strike me.

"Q. You came in contact with what, a sort of a fence that was there or what was it?

"A. It was a little bar which was around the kiddy ride when I was struck, then the next thing I knew, I had fallen or I had struck this bar right across the pelvis.

"Q. Was this bar used as a fence to keep people from getting close to the kiddy ride, to keep them away from it so they wouldn't get hit by little children, when they were on the device?

"A. I suppose.

"Q. That is what you came in contact with?

"A. Yes, sir."

Plaintiff did not say she was pushed against the rail by anyone and it would appear that the kiddie ride was large enough to be clearly visible so that plaintiff could have known when she was getting close to it. Apparently from plaintiff's testimony the railing around it was about waist high and when she said she was struck she seems to have meant struck by coming against the railing.

The evidence is not clear as to how the comet ride operated normally or to what extent it acted abnormally. It did not fall and about all that is shown is that it tilted, braced up or came up off the ground at the far side. Plaintiff did not say she was pushed by the crowd, or anyone in it, against the railing around the kiddie ride but seems to have struck it in moving away from the comet ride. Two Missouri cases have ruled against a plaintiff in crowd jostling cases on the basis of contributory negligence as a matter of law. Tuttle v. Kline's, Inc., 230 Mo.App. 230, 89 S.W.2d 676; Rush v. Townsend and Wall Co., Mo. Sup., 343 S.W.2d 44. See also Goggin v. New State Ballroom, Mass., 247 N.E.2d 350; Gold v. Heath, Mo.Sup., 392 S.W.2d 298. An annotation 20 A.L.R.2d 8 on "Liability of proprietor for injury to customer or patron caused by pushing, crowding, etc., of other patrons," states (l. c. 15): "[I]t is well settled that the proprietor of a business establishment is merely liable for injuries sustained by the pushing of other customers if they were produced by dangerous conditions in the conduct of the

business of which the proprietor had actual or constructive knowledge." See also 38 Am.Jur. Negligence § 103, p. 763; 86 C.J.S. Theaters & Shows § 41, p. 724; Shafer v. Keeley Ice Cream Co., 65 Utah 46, 234 P. 300, 38 A.L.R. 1523 and annotation 38 A.L.R. 1531. We consider the evidence herein to show an unusual crowd action apparently due to some defect in or improper operation of the comet ride. However, we also consider the evidence sufficient to support a submission of failure of plaintiff to keep a careful lookout. Because of the result we reach it is not necessary to rule plaintiff's claim that defendant's verdict directing instruction substantially deviated from the M.A.I. model.

The judgment is reversed and cause remanded.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.