146

*Municipal Court of the City of Boston*

No. 236717

## RITA BRUMBAUGH

v.

## KENMORE CLUB, INC. et al

Argued: June 18, 1971. Decided: June 25, 1971.

*Present:* Adlow, C. J., Elam, J.,
Gorrasi, Spec. J.

Case tried to *Glynn, J.*

**Adlow, C. J.** Action of tort to recover for injuries suffered by the plaintiff at the dance club operated by the Kenmore Club Inc.

There was evidence tending to show that the plaintiff, accompanied by two friends, went to the defendant's place of business, Kenmore Club Inc. She sat with her friends at a table next to the dance floor. The room was circular, with the dance floor in the center. The tables were set up in rows. A band provided music from a stand in the middle of the dance floor. When the band played the dancing patrons danced around the bandstand in circular fashion.

The plaintiff was sitting at a table nearest to the dance floor and about 12 feet from the danc-

ing area. There was no one sitting between the plaintiff and the dance floor. There was evidence that while the band was playing a "Conga" dance Joseph Dowgas, who is joined in this action as a defendant, was observed carrying a chair while intoxicated and tagging on to the end of the "Conga line". As the tempo of the music increased he swung in the direction of the plaintiff and struck her, injuring her. At the close of the evidence, the defendant requested the court to rule that the evidence did not warrant a finding for the plaintiff. The court refused to so rule and supplemented its ruling with the following findings of fact:

"I find that the plaintiff was seated at a table in the defendant club about twelve feet away from the dance floor on a Sunday. The participants on the dance floor were in a conga line that was proceeding around the dance floor. A patron at the end of the line picked up a chair from a table near the floor and was swinging it while he went all around the dance floor while the music picked up tempo. As the end of the Conga line approached the area where the plaintiff was sitting, the patron was whirled in 'whip like' fashion and the chair struck the plaintiff, cutting her about the head, and she required hospitalization and further medical treatment.

"The plaintiff was in the exercise of due care, and the defendant failed to exercise

the degree of care and protection due its customers seated at tables, having in mind the type of music and dancing that was being offered by the defendant.

"The patron had the chair in his hand sufficiently long enough for the defendant to have taken steps to protect the plaintiff from this conduct which the defendant should have reasonably foreseen."

There was a finding for the plaintiff in the amount of $900.00.

 When the plaintiff entered the defendant's dance hall she went there with a certain knowledge of the nature of the entertainment provided there. She knew that there were certain hazards involved in participating in dancing on the floor. While modern dancing has not yet been branded as a dangerous pastime, its hazards have been recognized and the courts have exonerated the operators of dance halls from liability for injuries suffered by participants in the dance from "bumps" and similar contacts. *Goggin* v. *New State Ballroom,* 355 Mass. 718. See also opinion of Cardozo, C. J. in *Murphy* v. *Steeplechase Amusement Co., Inc.,* 250 N. Y. 479. However, there are dangers inherent in the operation of these places of public entertainment which are not necessarily the consequence of participating in the pastime to which the establishment is dedicated. It is a notorious fact that establishments which provide entertainment such as movies, taverns and

dance halls attract, with monotonous regularity, rowdy elements, the presence of which embarrass and annoy the decent patrons who are present. As a result the condition imposes an obligation on the managers of such establishments to make reasonable provision for the protection of the public. In such places, disorder with its attendant probability of injury is not unforeseeable. *Quigley* v. *Wilson Line of Mass. Inc.,* 338 Mass. 125, 129.

In *Fortier* v. *Hibernian Building Association,* 315 Mass. 446, 450, where a group of unruly boys over a considerable period had outraged and abused the patrons of the defendant's dance hall, it was held that a failure to take steps to prevent the hoodlumism was negligent.

In *Rawson* v. *Massachusetts Operating Co., Inc.,* 328 Mass. 558, 560, where there was an unchecked disturbance in a theater over a one and one-half hour period during a performance, and a patron was assaulted by one of the participants in the disturbance, a finding of negligence was held warranted.

In *Carey* v. *New Yorker of Worcester, Inc.,* 355 Mass. 450, where one who was very drunk and part of a noisy and quarrelsome group, and who had been ejected on previous occasions, shot a patron, the court ruled that these facts warranted a finding of negligence. See also *McFadden* v. *Bancroft Hotel Corp.,* 313 Mass. 56. *Greco* v. *Sumner Tavern Inc.,* 333 Mass. 144.

While the courts have been careful to

distinguish between sporadic acts of violence, *Topping* v. *Eastern Mass. Ry. Co.,* 252 Mass. 270, 274, and the commonplace disturbance which, unfortunately, happen altogether too frequently, it can be safely asserted that in our society, except under most unusual conditions of discrimination and selection, the probability of rowdyism and assault is a constant factor in the operation and management of public places. As a result there is a basic responsibility on those who manage these functions to exercise the care which experience indicates the circumstances reasonably require.

Did the defendants in the cause under review exercise the reasonable care that the circumstances required? The court has found that they did not. We cannot say that the court was wrong. According to the evidence the individual responsible for the injury had gone all around the floor carrying the chair which later caused the injury. Had the defendant provided ample protection for its patrons, the inebriate would have been removed from the floor before any harm could occur. That it did not provide such protection is in itself sufficient evidence of negligence to support a finding for the plaintiff.

There was no error. Report dismissed.

JAMES M. POOL
 of Boston for the Plaintiff.
WILLIAM H. SHAUNESSEY
 of Boston for the Defendant.